■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES NOCERA, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered December 5, 1980, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial of defendant's motion to dismiss the indictment in the furtherance of justice.

Judgment affirmed.

There was no compelling factor within the meaning of CPL 210.40 which would warrant dismissal of the indictment in the furtherance of justice (see, generally, *People v Viszokai*, 99 AD2d 519). Inflammatory and otherwise improper comments were made by the prosecutor in summation. However, they were for the most part not excepted to and the proof of guilt is overwhelming. We find that there is no reasonable probability that these comments had an affect on the outcome of the trial (*People v Galloway*, 54 NY2d 396; *People v Roseman*, 78 AD2d 878, 879). Having registered no exception to the alibi charge delivered by the court, the defendant did not preserve any error therein for review as a matter of law (*People v Hoke*, 62 NY2d 1022), and we are not inclined to review the matter in the interest of justice.

Defendant's remaining contention has been reviewed, and is without merit. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RAMOS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 18, 1981, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; cf. *People v Gonzalez*, 47 NY2d 606). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.