■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EPHRAIM EVANS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered June 17, 1982, convicting him of robbery in the first degree, and burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.

The errors at trial were so fundamental that they cumulatively operated to deprive defendant of a fair trial.

The foundation of the defense strategy at trial was to show that defendant's confession was involuntary. Discovery prior to trial revealed no other evidence linking defendant directly with the commission of the crime. This defense was effectively negated by the belated notice during the People's case-in-chief that they were prepared to introduce evidence that defendant's palmprint was found in the victim's apartment, and not, as had been earlier believed, on a shopping cart taken from the victim and recovered alongside of the garbage outside defendant's apartment building. Defendant moved for a mistrial after introduction of the evidence, claiming prejudicial surprise, the inference being that different trial tactics would have been adopted had counsel known of the damaging testimony from the outset (*cf. People v Byrne,* 17 NY2d 209, 216). We find the failure to declare a mistrial under these circumstances was an improvident exercise of discretion (CPL 280.10 [1]).

Compounding the above error, the trial court erroneously instructed the jury concerning confessions. Rather than advising the jurors that they *should* disregard defendant's confession upon a finding that it was involuntarily made (CPL 710.70 [3]), the court advised: "If you find that he was either coerced into making his statement or that he was not properly apprised of his

Miranda rights or that he did not understand them, you may accord his confession the weight which you believe it is entitled to under the circumstances as you find them to be".

Notwithstanding that this error was not preserved, we reach it in the interest of justice because taken together, the two errors deprived defendant of a fair trial (CPL 470.15 [6] [a]).

We have considered defendant's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.