■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RASCIO, Appellant.—Appeals by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered October 30, 1985, convicting him, under indictment No. 492/85, of manufacture of unauthorized recording of sound (21 counts) and failure to disclose origin of recording of

sounds (5 counts), upon a jury verdict, and an amended judgment of the same court, also rendered October 30, 1985, convicting him of a violation of the terms and conditions of a sentence of probation imposed by the same court (Jaspan, J.), on February 19, 1981, upon his conviction under indictment No. 1242/80, upon his plea of guilty, and imposing sentences.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends, *inter alia,* that certain enumerated errors contained in the trial court's charge to the jury, as well as several remarks made by the prosecutor during his summation, deprived him of a fair trial. However, the record indicates that none of these issues was preserved for appellate review. In any event, the charge, read in its entirety, conveyed to the jury the correct rules to be applied in arriving at its decision *(see, People v Richardson,* 117 AD2d 825; *cf., People v Evans,* 111 AD2d 830). Also, as to the prosecutor's summation, "[w]e find that there is no reasonable probability that [the challenged] comments had an affect on the outcome of the trial" *(People v Nocera,* 107 AD2d 768) in light of the overwhelming evidence of the defendant's guilt.

We also find that the defendant received meaningful legal representation by his trial attorney, who provided a vigorous and competent defense *(see, People v Hill,* 122 AD2d 810). Additionally, under the circumstances of this case, it cannot be said that the trial court abused its discretion in denying the defendant's application to have an attorney who had previously been retained by the defendant and who had represented the defendant in the initial stages of the case, but who had subsequently ceased to represent the defendant, substituted for the assigned attorney who had represented the defendant since the retained attorney had ceased to represent him and for a one-month adjournment of the scheduled trial. The record indicates that the defendant was arrested on October 19, 1984, and it was not until almost one year later, shortly before the *Huntley* hearing was held in September 1985, that the defendant moved to reinstate his original attorney. Thus, the defendant had been "accorded a reasonable opportunity to retain counsel of his own choosing" *(People v Arroyave,* 49 NY2d 264, 271), and the court was properly concerned at this point in the proceedings with avoiding further delay *(see, People v Tineo,* 64 NY2d 531, 537).

We have reviewed the defendant's remaining contentions and find them either unpreserved for appellate review or

without merit. Mangano, J. P., Brown, Lawrence and Sullivan, JJ., concur.