■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered September 20, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial as a result of certain remarks made by the prosecutor during his summation. However, he did not object to these remarks at trial and hence failed to preserve this claim for appellate review. In any event, although the prosecutor did improperly denigrate the defense and appeal to the jurors' emotions, we decline to exercise our discretion to reverse the conviction in the interest of justice, in view of the overwhelming evidence of the defendant's guilt.

We further note, although the issue was neither preserved for review nor raised on appeal, it was error to admit the confession of the codefendant Thompson into evidence at the joint trial. The applicable rule, as articulated by the Supreme Court of the United States, is that where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him *(Cruz v New York,* 481 US —, 107 S Ct 1714). Since Thompson did not testify at trial, his statement, which served in part to incriminate the defendant, was improperly admitted. However, the defendant's own confession may be considered on appeal in assessing whether the violation was harmless *(supra; People v Baptiste,* 135 AD2d 546; *People v McCain,* 134 AD2d 287). Here, the evidence adduced at trial included the reliable testimony of both an eyewitness to the crime and a medical examiner who performed the autopsy on the body of the deceased, the voluntary confession of the defendant, and the presentation of the weapons used in the commission of the crime. We find that this evidence provided overwhelming proof of the defendant's guilt, and that there was no reasonable possibility that the jury would have acquitted the defendant if the codefendant's statement had not been introduced. Accordingly, we conclude that the error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230).

We have examined the remainder of the defendant's contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.