The People of the State of New York, Respondent, v Wayne Williams, Appellant

Memorandum: After receiving a radio call of a burglary in progress, the police observed defendant fleeing from the crime scene and gave chase. Defendant was ordered to stop but he refused to do so. The pursuit continued and immediately before defendant was apprehended he was seen dropping a shaving kit to the ground. The kit and its contents of assorted coins and jewelry had been stolen in the burglary. Defendant was arrested, and the police seized the green army coat he was wearing and placed it in a plastic evidence bag, which was then sealed. No inventory search of the coat's pockets was made. Among several items stolen in the burglary were three silver certificate $2 bills.

Defendant's pretrial omnibus motion sought discovery and inspection "of any tangible personal property obtained from the defendant * * * which the prosecution intends to produce at trial." The prosecutor consented to the inspection, but during the course thereof he refused to allow defendant's counsel to open the sealed evidence bag to inspect the pockets of defendant's coat. Defendant made no further application to the court for that relief. At trial, out of the presence of the jury, the coat was removed from the evidence bag by the prosecutor and defense counsel, and three $2 bills were found

in one of the pockets. Defendant's counsel stated that he would object to their entry into evidence and moved for a mistrial on the grounds of surprise and prejudice. The court, after finding that the prosecution had no prior knowledge of the presence of the $2 bills in defendant's coat, denied defendant's motion. Thereafter, in the presence of the jury and over defendant's objection of surprise and prejudice, the bills were received in evidence. At the close of the evidence, defendant's renewed mistrial motion was again denied.

Defendant contends on appeal that the trial court erred in denying his mistrial motions. We disagree. It is well established that absent an abuse of discretion, the trial court's determination of such a motion should not be disturbed (CPL 280.10; *Matter of Plummer v Rothwax,* 63 NY2d 243; *People v Ortiz,* 54 NY2d 288; *Hall v Potoker,* 49 NY2d 501). We find no abuse of discretion here. No claim is made that the police and the District Attorney were aware of the presence of the $2 bills in the coat pocket. There can be no doubt that the bills were competent and relevant evidence against defendant, whose remedy for their unexpected discovery at trial was a brief continuance, not a mistrial. Moreover, as the trial court noted, had defendant made a pretrial motion to open the sealed evidence bag, it would have been granted.

Defendant's claim that the bills were improperly received into evidence because they are the product of an unlawful search of the coat is raised for the first time on appeal and is thus unpreserved. We decline to exercise our discretionary power to review the issue in the interest of justice (CPL 470.15 [3] [c]; [6] [a]). We agree with the trial court's evaluation that "there was overwhelming proof of guilt before the jury with or without the $2 bills". We would thus find the error, if any, to be harmless *(People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Onondaga County Court, Cunningham, J.—burglary, second degree.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.