OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the determination of the Department of Finance reinstated.
Under section 11-2702 (a) of the Administrative Code of the City of New York, the City imposes an annual vault charge "for the privilege of occupying, using or maintaining a vault in the streets of the city, to be paid by the owner of the *863 premises immediately adjoining the vault.” The Code defines "using, occupying or maintaining” as the "right or authority to install, store or maintain property of any kind in a vault, or otherwise to use, occupy or maintain such vault for any purpose whatsoever” (Administrative Code § 11-2701 [4]). This "right or authority [is] deemed to exist wherever a vault has not been filled in or closed by the licensee or abutting property owner” (id.). The principal issue in this case is whether a charge can be assessed against the whole area of an open vault, regardless of whether the area was used by the owner of the adjoining property.
The vault in question was adjacent to premises owned by the petitioner during the years in question. It is divided into four parts by stanchions and is accessible through a locked door measuring 6Y2-feet high by 30-inches wide which can be unlocked by a key in the possession of petitioner’s lessee. One of the parts contains utility lines, electrical boxes and part of the boiler and heating system for the premises. Petitioner argues that he was not "using, occupying or maintaining” the vault because 3 of the 4 sections were empty and the door was kept locked during the time period in question. The Appellate Division accepted this argument and annulled the Department of Finance’s determination imposing a tax on the whole vault. It remanded the matter to the Department of Finance for a new hearing to determine whether petitioner should be charged a tax only on the one section containing the heating and electrical items.
The Department of Finance contends that the entire area is taxable unless rendered unusable in accordance with its bulletins, the enactment of which is authorized by the Code, and which require that a vault either be covered by a wire mesh screen or a sheetrock partition with an access opening no greater than 3 feet by 3 feet to be deemed "closed” for the purpose of avoiding the vault charge (2 Finance Admin Bull [No. 2], at 2 [Mar. 1971]; 4 Finance Admin Bull [No. 3], at 2 [Nov. 1973]). When complied with, these closing requirements render vaults inaccessible and unusable for all practical purposes while still enabling limited inspection sufficient to determine whether they are being used.
These closure requirements are rational and provide a practical means of insuring the nonuse of the area claimed to be free of charge. Moreover, the Department of Finance correctly ruled, based on substantial evidence in the record, that the vault areas were not filled in or closed within the *864 meaning of section 11-2701 (4) of the Code. The fact that petitioner normally kept the door to the vault areas locked did not render the vault unavailable for use or storage because petitioner’s lessee had a key. Because the vault areas were not "filled in or closed” in accordance with the Department of Finance’s bulletins, petitioner clearly had the "right or authority” to use the entire vault within the meaning of section 11-2701 (4) of the Administrative Code. Therefore, the Department of Finance correctly ruled that petitioner was subject to the annual vault charge pursuant to section 11-2702 of the Code, regardless of actual use.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.