■ The People of the State of New York, Respondent, v Bobby Joel Anderson, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Gallucci, J.), rendered February 3, 1981, convicting him of

robbery in the first degree, robbery in the second degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). In this case, the proof of guilt was overwhelming.

On January 18, 1980, during business hours, three men entered the Nanuet National Bank in Garnerville and stole, at gunpoint, over $18,000, including "bait" money. One of the perpetrators, identified in court as the codefendant Sims, stuffed the money he removed from the tellers' drawers into a blue canvas duffel bag and inside his coat pockets. An eyewitness observed a distinctive van exit the parking lot of the bank immediately after the three perpetrators fled the building. The van almost sideswiped the patrol car driven by the first police officer to arrive on the scene in response to a silent alarm triggered by the bank manager. The officer pursued the van. During the chase, the officer never lost sight of the van for any significant period of time. As the van came to a rolling stop at a roadblock, Sims and another codefendant Brown, also subsequently identified as one of the perpetrators, jumped out the doors on the passenger side of the van. When a gun was raised by one of the fleeing men, the officers opened fire, wounding Sims. Brown managed to escape custody, but was subsequently apprehended. The defendant was arrested while in the driver's seat of the van. The cash taken from the bank, including the bait money, was recovered from a blue canvas bag located inside the van and from the pockets of Sims' jacket.

In his defense, the defendant testified that he had borrowed the van and was driving his friend Sims to an amateur league basketball game when he stopped near the bank and picked up a male hitchhiker that he did not know. The defendant maintained that he was unaware of being chased by a patrol car until he stopped for a roadblock. The defendant's incredible defense that Sims was with him inside the van en route to a basketball game at the time of the robbery is belied by the testimony of two witnesses who positively identified Sims as the robber who jumped over the counter and removed the

money from the tellers' drawers and by proof that $3,505, including $500 in bait money, was found inside Sims' clothing.

The defendant also contends that he was deprived of the effective assistance of counsel. The complaints the defendant, with the benefit of hindsight, makes against his trial counsel fall within the category of unsuccessful trial tactics. Trial tactics which fail do not automatically indicate ineffectiveness *(see, People v Rivera,* 71 NY2d 705). Upon a review of this record, we are satisfied that the defendant was afforded meaningful representation *(see, People v Rivera, supra; People v Baldi,* 54 NY2d 137; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803; *cf., People v Trait,* 139 AD2d 937; *People v Lee,* 129 AD2d 587).

We also reject the defendant's argument that the admission into evidence of the confession of the nontestifying codefendant Sims violated his right of confrontation. While Sims was hospitalized for his wounds, he made a statement to Investigator Modafferi, after being advised of his *Miranda* rights. Sims admitted that he was a participant in the bank robbery, but refused to disclose who else was involved. Sims' statement was not incriminating as to the defendant. It did not mention the defendant either by name or by insinuation and was potentially incriminating only when linked to the other evidence adduced in the case. In addition, the trial court gave clear curative instructions that the statement was admitted solely against the codefendant Sims and was not to be considered against the defendant *(see, Richardson v Marsh,* 481 US 200).

However, we agree with the defendant that the trial court erred in admitting as a declaration against penal interest a hearsay statement made by Brown, whose trial had been severed from that of the defendant and the codefendant Sims. In substance, Brown had informed Detective Soto during a custodial interrogation that he was the lookout by the door during the bank robbery and that an unapprehended robber got away when they fled to the van.

For a hearsay statement to qualify for admission into evidence as a declaration against the maker's penal interest, four prerequisites must be satisfied: (1) the declarant must be unavailable to testify as a witness at trial; (2) the declarant must be aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability *(see, People v Brensic,* 70 NY2d 9, 17; *People v Thomas,* 68 NY2d

194, 197; *People v Settles,* 46 NY2d 154, 167). Here, all the prerequisites but the first of the four-part test were satisfied. Brown was never called as a witness at the defendant's trial and, thus, he never invoked his right against self-incrimination. The trial court apparently assumed that Brown would refuse to testify based on constitutional grounds since he was to face a separate trial on similar charges arising out of the same incident. However, speculation does not suffice to satisfy the unavailability criterion.

We additionally note that the trial court was not required, as the defendant now urges on appeal, to conduct a hearing concerning the circumstances under which Brown's statement was spoken, because the defendant never claimed at trial that the declaration was unreliable *(cf., People v Brensic, supra,* at 16). In this case, there was sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability. Nevertheless, the trial court erred in permitting the jury to consider the declaration when Brown's unavailability as a witness was never established and without giving proper limiting instructions on the use of this evidence at the time the statement was introduced and in the charge to the jury at the conclusion of the trial *(see, People v Brensic, supra,* at 16; *People v Thomas, supra,* at 201). This error was harmless beyond a reasonable doubt in view of the overwhelming evidence of the defendant's guilt *(see, People v Hamlin,* 71 NY2d 750, 758; *People v Crimmins,* 36 NY2d 230, 241-242).

Lastly, the defendant claims that he was deprived of a fair trial as a result of prosecutorial misconduct. There were some instances when the prosecutor departed from acceptable professional conduct, such as remarks made during summation which tended to denigrate the defense and to appeal to the jurors' emotions *(see, People v Reed,* 136 AD2d 577). However, we find that the prosecutor's improper comments were either unpreserved for appellate review or did not affect the outcome of the trial in light of the overwhelming evidence of the defendant's guilt *(see, People v Reed, supra; People v Rascio,* 136 AD2d 575, 576; *People v Nocera,* 107 AD2d 768). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.