■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS QUICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Leone, J.), rendered September 3, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims of error with respect to the Trial Judge's charge on the defense of agency and his supplementary instructions on the definition of a sale were not preserved for appellate review (CPL 470.05 [2]; *People v Prato,* 143 AD2d 205; *People v Wilkinson,* 139 AD2d 682). In any event, we find no merit to the defendant's argument that the instructions on the defense of agency constructively amended the indictment with regard to an essential element of the crime charged in violation of his constitutional rights *(see, People v Spann,* 56 NY2d 469). The indictment charged the defendant with a sale of controlled substance sale to a particular individual: an undercover police officer. The evidence adduced by the prosecution witnesses was legally sufficient to establish the defendant's guilt of the crime charged. In raising the defense of agency, the defendant's testimony introduced evidence of uncharged sales to two other buyers ("Smokey" and Louis Lopez), who were present at the time of the subject transaction. The court charged the jury, *inter alia,* that the People had to prove beyond a reasonable doubt that the defendant was not the agent of Officer Cunningham or of anyone else, such as Smokey or Louis Lopez, but was a seller in the subject transaction as charged in the indictment. The instructions on agency, when read in context with the entire charge, do not impermissibly convey to the jury that the defendant could be convicted on the sale count if the jury found that he made uncharged sales to the other alleged buyers present at the transaction. To the contrary, the court repeatedly instructed the jury that the defendant could be convicted of the sale count only if it found that he made a controlled substance sale to the undercover officer. Furthermore, the court's supplementary charge was an adequate and meaningful response to the jury's request for clarifying instructions (CPL 310.30; *People v Malloy,* 55 NY2d 296, 302-303, *cert denied* 459 US 847).

The defendant further contends that the trial court improvidently exercised its discretion in allowing the prosecutor to use, for impeachment purposes only, prior statements the defendant made to detectives from the Internal Affairs Division pertaining to a complaint he lodged against the arresting officers. The complaint accused the arresting officers of stealing about $300 from the defendant. The defendant's statements were obtained by the detectives during an investigation of the complaint in violation of his constitutional right to counsel *(see, People v Wendel,* 123 AD2d 410). Nevertheless, it is well-settled law that an illegally obtained statement, volun-

tarily made, may be utilized by the prosecutor at trial for the limited purpose of impeaching a defendant's credibility if he testifies *(People v Harris,* 25 NY2d 175, *affd* 401 US 222; *People v Ricco,* 56 NY2d 320; *People v Washington,* 51 NY2d 214). With one exception, the defendant's complaint and prior utterances concerning the disappearance of drugs and money that purportedly were in his possession at the time of his arrest, were sufficiently inconsistent with his trial testimony to warrant their use on cross-examination, as those remarks tended to establish a differing version of the facts, albeit they did not directly contradict his trial testimony *(see, People v Wise,* 46 NY2d 321). In light of the overwhelming proof of the defendant's guilt, the prosecutor's improper utilization on cross-examination of a prior consistent statement made by the defendant to the investigating detectives regarding the missing money was harmless error.

Lastly, the defendant claims that he was deprived of a fair trial as a result of improper remarks made by the prosecutor in his summation. Since defense counsel failed to object to these purportedly improper comments, his claim is not preserved for appellate review (CPL 470.05 [2]; *People v Coker,* 135 AD2d 723). In any event, we conclude that the challenged remarks were, for the most part, a fair response to the defense counsel's summation *(see, People v Marks,* 6 NY2d 67, 77, *cert denied* 362 US 912; *People v Thomas,* 147 AD2d 510; *People v Street,* 124 AD2d 841). Insofar as an isolated remark by the prosecutor on summation exceeded the bounds of fair comment by impermissibly referring to the defendant's prior inconsistent statement as evidence-in-chief *(People v Ricco,* 56 NY2d 320, *supra),* we find there is no significant probability that this comment had an affect on the outcome of the trial in light of the overwhelming evidence of the defendant's guilt *(see, People v Rascio,* 136 AD2d 575; *People v Nocera,* 107 AD2d 768). Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.