■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LEROY WOODS, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered March 20, 1987, convicting defendant, after a jury trial, of two counts of robbery in the second degree and sentencing him, as a second violent felony offender, to two concurrent prison terms of from 7 to 14 years and imposing a mandatory surcharge, unanimously affirmed.

As defendant and complainant rode in an elevator at 20 West 20th Street, where the complainant worked, defendant pointed what appeared to be a gun at the complainant's head and demanded his money. A struggle ensued, during which defendant pulled off the complainant's watch. When the elevator doors opened on the fifth floor, office workers intervened to assist the complainant in detaining defendant until the police arrived. Defendant possessed two imitation guns. Defendant claims that he was delivering drugs to the complainant when they got into a fight and that he had not robbed the complainant.

On the evening after the first prosecution witness testified at trial, the prosecutor learned for the first time from the complainant that the complainant's watch had been recovered by someone the day of the crime and returned to the complainant weeks after the crime. The next day, the prosecutor sought to introduce the watch through the testimony of the complainant. Counsel, who had mentioned the failure to recover the watch in his opening statement, moved to preclude the watch on the grounds of surprise and prejudice. The court, believing that if defendant's motion for a mistrial were granted, then double jeopardy would attach *(but see, People v Garofalo,* 71 AD2d 782, *appeal dismissed* 49 NY2d 879, *rearg granted and original determination adhered to* 75 AD2d 980), allowed the watch to be admitted into evidence, predicating its decision on a finding that any prejudice to the defendant would not outweigh the prejudice to the People's case which would result from preclusion. The court denied defendant's motion for a mistrial, and defendant excepted to his ruling.

The trial court did not abuse its discretion in failing to declare a mistrial since there was no evidence of bad faith on the part of the prosecution, nor was the surprise evidence so inconsistent with defendant's defense as to deprive him of a fair trial (CPL 280.10; *People v Williams,* 140 AD2d 970, *lv denied* 73 NY2d 861; *compare, People v Evans,* 111 AD2d 830). Since defendant never denied that there had been a physical altercation, and since the watch could have been pulled off

complainant's wrist even if a robbery did not occur, recovery of the watch was not inconsistent with the defense asserted.

Defendant also contends that the court deprived him of a fair trial by allowing the prosecutor to question him regarding the underlying facts of a prior felony conviction for attempted weapon possession. Although the court precluded cross-examination as to underlying facts in its *Sandoval* ruling, defendant was warned that he would "open the door" to further cross-examination if he testified that he only carried imitation pistols for self-defense. Since defendant indeed "opened the door" by so testifying, his argument that the court deprived him of a fair trial is unfounded *(cf., People v Melendez,* 55 NY2d 445).

The court's charge on reasonable doubt, including an instruction on the use of "common sense", was not confusing and did not imply that defendant was unbelievable. The court properly instructed the jury with respect to the meaning of reasonable doubt. Furthermore, the charge as a whole properly defined the meaning of reasonable doubt *(People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

The sentence imposed was not unduly harsh or severe in view of the nature of the crime and defendant's criminal history. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.