■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO DIAZ, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered July 18, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of five to ten years, unanimously affirmed.

At the trial, an undercover officer testified that he purchased two glassine envelopes of heroin from defendant for $20. At the pretrial suppression hearing that immediately preceded the trial, the arresting officer testified that only $10 in prerecorded buy money was recovered from defendant. In his opening arguments, defense counsel outlined a mistaken identification case noting, *inter alia,* that "the evidence is going to show that only half of the marked money had been recovered". Following testimony by the undercover officer and the police chemist, the prosecutor informed court and counsel that the arresting officer had discovered over the luncheon recess that the second $10 had in fact been recovered. The court suggested compromise, including a proposal that the second $10 would be received only if defendant argued that police had not recovered all the money. The defendant's attorney elected the admission of the second $10 and full cross-examination over limiting testimony to the first $10 and restricted examination.

The trial court did not abuse its discretion in refusing to declare a mistrial. The "surprise" evidence was not so inconsistent with defendant's mistaken identification defense as to deprive him of a fair trial. (CPL 280.10; *People v Woods,* 165 AD2d 798, 799; *People v Williams,* 140 AD2d 970, *lv denied* 73

NY2d 861.) Moreover, the trial court not only told the jury that the defense was belatedly advised of the late discovery of the additional money, but defense counsel incorporated the late discovery of the money into his argument that the police had made errors in this case. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.