■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CURTIS BLASWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered January 30, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress his statement made at the time of his arrest.

Judgment affirmed.

The question posed by the arresting officer while he was in the process of apprehending the defendant and before the defendant was advised of his *Miranda* rights did not constitute custodial interrogation, but was, rather, an inquiry designed to clarify a volatile situation confronting the officer. Accordingly, the trial court did not err in refusing to suppress the defendant's statement made in response thereto *(see, People v Huffman,* 41 NY2d 29; *People v Johnson,* 86 AD2d 165, *affd* 59 NY2d 1014; *People v Chestnut,* 51 NY2d 14, *cert denied* 449 US 1018). Moreover, we find that the defendant's arrest was supported by probable cause.

Under the circumstances of this case, it cannot be said that the trial court abused its discretion in denying the defendant's motions to proceed *pro se,* as the applications were either equivocal and/or untimely *(see, People v McIntyre,* 36 NY2d 10; *People v Nelson,* 72 AD2d 64). Moreover, assigned counsel provided the defendant with effective assistance *(see, People v Baldi,* 54 NY2d 137). Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.