■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GRIPPO, Appellant

Memorandum: Defendant was convicted, after trial, of murder in the second degree for the fatal shooting of Jean Tandlmayer in Monroe County on July 10, 1982. None of defendant's claims of error provide grounds for reversal.

Contrary to defendant's claim, he was not denied his constitutional right to proceed *pro se*. The record shows that after questioning by the court, defendant abandoned his request to proceed *pro se* and, instead, requested the assignment of new counsel.

The denial of the motion to suppress defendant's statement and the murder weapon was proper. The findings of the suppression court that defendant knowingly and voluntarily waived his constitutional rights and that defendant voluntarily accompanied the police and was not in custody, at least prior to 6:10 P.M., are supported by the testimony at the suppression hearing. By 6:10 P.M., and before defendant gave his statement and led the police to the murder weapon, the officer in charge of the investigation had obtained sufficient information to provide probable cause for an arrest, having been told at that time that defendant admitted to a friend that he had killed the victim.

The court did not err in refusing to charge extreme emotional disturbance as a defense to murder in the second degree. Before a defendant is entitled to a charge on the defense of extreme emotional disturbance there must be sufficient evidence of defendant's state of mind to permit the jury to find, by a preponderance of the evidence, that he did in fact act under the influence of extreme emotional disturbance *(People v Moye,* 66 NY2d 887, 889-890). Here there was no evidence, either through the statements of defendant or otherwise, of defendant's state of mind to support a finding that defendant was suffering from an extreme emotional disturbance at the time of the shooting.

The ammunition that defendant's girlfriend turned over to the police after defendant had been arraigned was not illegally obtained. Based on the evidence, the suppression court properly found that the girlfriend was not acting as an agent of the police or at their instigation.

We reject defendant's claim that he was denied effective assistance of counsel. Defense counsel fully and adequately cross-examined the witnesses on material points, effectively cross-examined the firearms examiner, and pursued the only possible trial strategy under the circumstances by relying upon defendant's exculpatory statements. Counsel's failure to

object to the court's charge on justification was not ineffective assistance because the charge, as finally given, was proper.

Finally, we have examined the points raised in defendant's *pro se* briefs and we determine that they lack merit. (Appeal from judgment of Monroe County Court, Celli, J.—murder, second degree, and criminal possession of weapon, third degree.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.