■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD LASHLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered March 6, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and a certain statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was indicted for, and convicted of, the crime of murder in the second degree, based on the brutal and fatal knife slaying of one Sylvia Delgado. Viewing the evidence in a light most favorable to the prosecution, we find that it is legally sufficient to support the defendant's conviction of the crimes charged *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The sentence imposed upon defendant was appropriate under the circumstances *(People v Suitte,* 90 AD2d 80).

On the instant appeal, the defendant argues, *inter alia,* that Criminal Term erred in refusing to suppress the first statement made by him to the police and the identification testimony of the eyewitness to the crime. We disagree. The evidence adduced in the record clearly supports Criminal Term's determination that the defendant's first statement was not made in response to express questioning or its functional equivalent and that the pretrial identification procedures utilized by the police were properly conducted *(People v Ferro,* 63 NY2d 316, 319-323, *cert denied* 472 US 1007; *People v Huffman,* 61 NY2d 795; *People v Prochilo,* 41 NY2d 759, 761). Further, the court correctly ruled that the statement made by the gravely wounded victim to police within minutes of the attack upon her was admissible as a spontaneous declaration or excited utterance *(see, People v Edwards,* 47 NY2d 493; *People v Vigilante,* 122 AD2d 900, *lv denied* 68 NY2d 1005; *People v Eastman,* 114 AD2d 509, *lv denied* 67 NY2d 651; *see also, People v Nieves,* 67 NY2d 125, 135-137).

The defendant further argues that the trial court committed reversible error by (1) permitting him to proceed *pro se* at trial

and (2) refusing to charge the affirmative defense of "extreme emotional disturbance" (Penal Law § 125.25 [1] [a]) as requested by the defendant. Neither of these arguments has any merit. The record indicates that (1) the defendant's request to proceed *pro se* was unequivocal and timely asserted, (2) there was a knowing and intelligent waiver of the right to counsel, and (3) the defendant did not engage in conduct which would warrant the denial of his request to act as his own counsel *(see, People v Smith,* 68 NY2d 737; *People v McIntyre,* 36 NY2d 10, 17). The record further indicates that the defendant, who was assisted at the trial by a legal adviser *(see, People v Sawyer,* 57 NY2d 12, 22, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178), conducted his defense in an orderly fashion and with reasonable competency.

With respect to the trial court's refusal to charge "extreme emotional disturbance", the evidence presented was insufficient for a jury to find by a preponderance of the evidence that the elements of this affirmative defense were satisfied *(People v Moye,* 66 NY2d 887; *People v Walker,* 64 NY2d 741, *rearg dismissed* 65 NY2d 924).

Finally, the defendant's remaining arguments, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.