■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WILLIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 21, 1983, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not

deprive him of his right to counsel at a pretrial hearing by either refusing to assign new counsel or by denying his request for a further adjournment to retain counsel of his own choosing. Nor did the court, under the circumstances presented, err in permitting him to proceed *pro se* with the assigned counsel standing by in an advisory capacity during the course of the hearing.

While an indigent defendant has a right to a court-appointed lawyer, he does not have the right to his choice of assigned counsel *(see, People v Sawyer,* 57 NY2d 12). A defendant must show "[g]ood cause" before the court will substitute counsel *(People v Sawyer, supra,* at 19; *People v Medina,* 44 NY2d 199). The defendant failed to make the requisite showing, his only objection being that counsel had advised him to accept a plea offer. Furthermore, he was given ample opportunity to obtain private counsel but was either unwilling or unable to do so.

The record reveals that the court made the requisite " 'searching inquiry' " to determine that the defendant appreciated the dangers and disadvantages of proceeding *pro se* *(People v Sawyer, supra,* at 21; *Faretta v California,* 422 US 806). Indeed, the defendant, a 25-year-old radio producer, articulated on the record his own concern with proceeding without counsel. Thus, his subsequent waiver of counsel was certainly " 'knowing and intelligent' " *(People v Sawyer, supra,* at 21; *People v McIntyre,* 36 NY2d 10). The defendant was represented by counsel of his own choosing throughout the trial.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for our review or without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.