■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BRANCH, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Baker, J.), rendered June 10, 1986, convicting him of attempted murder in the second degree, robbery in the first degree (seven counts), robbery in the second degree, and assault in the second degree, under indictment No. 61164, upon a jury verdict, and imposing sentence, (2) from a judgment of the same court, also rendered June 10, 1986, convicting him of attempted murder in the first degree, robbery in the first degree, and robbery in the second degree (two counts) under indictment No. 61708, upon a jury verdict, and imposing sentence, and (3) by permission, from an order of the same court (Delin, J.), entered November 4, 1987, which denied his motion pursuant to CPL article 440 to vacate the judgments of conviction. The appeals in both cases bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant's home and statements made by the defendant to law enforcement officials.

Ordered that the order and the judgments are affirmed.

On appeal, the defendant contends that his right to counsel and to self-representation was violated when the court failed to assign new counsel upon the defendant's showing of good cause, failed to inquire into the defendant's claims regarding assigned counsel's alleged inadequacies and refused to permit the defendant to proceed *pro se.* It is undisputed that a

criminal defendant is entitled to representation by an attorney of his own choosing *(see, People v Sawyer,* 57 NY2d 12, 18; *People v Medina,* 44 NY2d 199, 207). "As a necessary corollary to this right, a defendant must be accorded a reasonable opportunity to select and retain his counsel" *(People v Arroyave,* 49 NY2d 264, 270). On the other hand, before a substitution of counsel is granted, good cause must be demonstrated *(see, People v Sawyer,* 57 NY2d 12, *supra; People v Willis,* 147 AD2d 727).

"[A] request to change counsel previously retained or assigned must be addressed to the Trial Judge's discretion to insure that the defendant's purported exercise of the right does not serve to delay or obstruct the criminal proceedings * * *.

"It is no abuse of discretion for a trial court, acting on the eve of trial, to consider the interests of judicial economy [and] the integrity of the criminal process * * * in denying [such] a motion" *(People v Tineo,* 64 NY2d 531, 536-537).
In light of the facts and circumstances of the case at bar, the defendant was not deprived of his right to counsel of his choosing. The defendant had a reasonable opportunity to retain counsel and the Trial Judge made it clear that he was willing to have him substitute retained counsel for assigned counsel if he was ready to proceed, but was properly unwilling to allow the defendant to delay the proceedings *(see, People v Brown,* 134 AD2d 438, 440). In view of the lateness of the defendant's requests, i.e., on the eve of the hearings and at trial, it was not an improvident exercise of discretion for the court to conclude that this was a dilatory tactic and to reject the requests *(see, People v Rascio,* 136 AD2d 575, 576).

In regard to the defendant's request to represent himself, since the defendant abandoned his request to proceed *pro se,* the issue is not properly before this court *(see, People v Grippo,* 124 AD2d 985, 986). Also, a defendant is not entitled to proceed *pro se* if his request is made after the trial has commenced unless there are compelling reasons for the late request *(see, People v McIntyre,* 36 NY2d 10, 17; *People v Blaswell,* 121 AD2d 458, 459). There was no compelling reason on this record to grant the defendant's request. Moreover, because of the defendant's disruptive and obstreperous behavior during the proceedings, the Trial Judge's denial of his request to so proceed was proper *(see, People v McIntyre, supra).*

We also find that in view of the defendant's criminal history and the gravity of the instant offenses, the sentences imposed

were not excessive *(see, People v Brathwaite,* 63 NY2d 839; *People v Yarrell,* 146 AD2d 819, 821, *lv granted* 73 NY2d 985).

We have examined the defendant's other contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Gomez,* 67 NY2d 843, 845; *People v Udzinski,* 146 AD2d 245, 250). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.