■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE GAYLE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in denying his motion for an adjournment to substitute retained counsel for his assigned counsel. Defendant's request was made on the eve of trial after jurors had already been summoned for the selection process. The court, in response to defendant's motion, stated that it was unwilling to allow defendant to delay the proceeding, but would allow the substitution of retained counsel if he was ready to proceed. The court further found that defendant's request was merely a delaying tactic. The determination whether to change counsel is within the sound discretion of the trial court, and in making its determination the trial court may consider the interest of judicial economy and the integrity of the criminal process *(see, People v Tineo,* 64 NY2d 531, 536-537). Given the lateness of defendant's request and the trial court's conclusion that the request was a delaying tactic, we find no abuse of discretion in the trial court's denial of defendant's motion *(see, People v Branch,* 155 AD2d 473, 474, *lv denied* 75 NY2d 867).

After the court denied his request for an adjournment, defendant elected to proceed *pro se.* On appeal, he contends that the trial court failed to conduct an adequate inquiry before allowing him to proceed *pro se.* Before a court allows a defendant to proceed *pro se,* it must determine that the decision is knowing and intelligent *(see, People v McIntyre,* 36 NY2d 10, 17). In order to make this determination, the court

must undertake a searching inquiry to be assured that defendant understands the value of counsel and the dangers associated with his giving up his fundamental right to counsel *(see, People v Kaltenbach,* 60 NY2d 797, 799). From our review of the record, we conclude that the trial court conducted a sufficient searching inquiry before permitting defendant to proceed *pro se (see, People v Vivenzio,* 62 NY2d 775, 776).

Defendant further contends that the trial court erred in denying his motion to dismiss the indictment because the 9½-month preindictment delay denied his constitutional right to a speedy trial. Balancing the factors to be considered on a motion to dismiss an indictment for a violation of defendant's constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442, 445), we conclude that the motion was properly denied.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Wyoming County Court, Dadd, J.—promoting prison contraband, first degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.