■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH C. PRIDDLE, Appellant.—Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered February 20, 1990, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and arson in the first degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to arson in the first degree and manslaughter in the first degree and was sentenced as a juvenile offender to concurrent prison terms of 4⅓ to 13 years and 3⅓ to 10 years, respectively. Initially, we reject defendant's claim of inadequate legal representation due to defense counsel's failure to make a motion to dismiss the indictment as defective. Defense counsel stated on the record that, after discussing this several times with defendant and his mother, they agreed to waive any defect in the indictment and instead use it as a negotiating tool to strike a better bargain. It therefore appears that defendant is "confus[ing] true ineffectiveness with mere losing tactics" *(People v Torres,* 164 AD2d 923, *lv denied* 76 NY2d 945). With respect to any other claims of inadequate representation, they are also rejected as lacking in merit *(see, People v Baldi,* 54 NY2d 137). Finally, we reject defendant's contention that his sentence was harsh and excessive. Not only was defendant sentenced within the statutory guidelines *(see,* Penal Law § 70.05 [2] [b], [c]; [3] [b], [c]), but he pleaded guilty knowing that he would receive the sentence ultimately imposed by County Court. Under these circumstances, together with the fact that one count was dropped and another reduced, it cannot be said that the court abused its discretion in imposing sentence *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899; *People v Kazepis,* 101 AD2d 816, 817).

Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.