■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAME CARVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered May 23, 1989, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Trial Judge did not improvidently exercise his discretion in denying the defendant's request for an adjournment in order to retain private counsel. The defendant had six months, which was a reasonable opportunity, to retain private counsel prior to his request for an adjournment. The Trial Judge was willing to allow the defendant one day to obtain private counsel but was unwilling to allow the defendant to further delay the proceedings (see, People v Arroyave, 49 NY2d 264; People v Branch, 155 AD2d

473). In view of the lateness of the defendant's request, which was made during a *Huntley* hearing and immediately before the trial, the refusal to grant an adjournment of more than one day was proper *(see, People v Gloster,* 175 AD2d 258; *People v Branch, supra; People v Rascio,* 136 AD2d 575, 576). In addition, although the defendant alleged, in a conclusory manner, that he was not satisfied with the representation afforded by assigned counsel, the record demonstrates that the request was merely a dilatory tactic *(see, People v Gloster, supra,* at 260; *People v Gibson,* 137 AD2d 553).

Further, the defendant pleaded guilty knowing that he would receive the sentence ultimately imposed by the court. Under the circumstances, we find that the sentence was not excessive *(see, People v Priddle,* 177 AD2d 736; *People v McKinnon,* 173 AD2d 863). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.