THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIRZA S. ASHRAF, Appellant.—Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress the statement he made to the police. The testimony at the hearing supports the court's finding that the statements were voluntarily given. We see no reason to disturb the court's finding that defendant did not ask for an

attorney, but asked only whether he should get an attorney. That inquiry did not amount to an unequivocal request for counsel and, therefore, the presence of counsel was not necessary to effect a valid waiver of defendant's right to counsel *(see, People v Hicks,* 69 NY2d 969; *People v Diaz,* 161 AD2d 789, *lv denied* 76 NY2d 855).

The court did not abuse its discretion in refusing defendant's request, made on the eve of trial, to retain new counsel *(see, People v Tineo,* 64 NY2d 531, 536, 537; *People v Gayle,* 167 AD2d 927, *lv denied* 77 NY2d 838).

We reject defendant's contention that the court should have charged assault in the third degree as a lesser included offense. That offense is not a lesser included offense of depraved indifference murder because it contains an element of intent not present in the greater offense. Because defendant was acquitted of the offense of intentional murder and thus of any lesser included offense thereof, he was not prejudiced by the failure to charge any lesser included offense of intentional murder.

Finally, we reject defendant's argument that the verdict is not supported by the evidence and is against the weight of the evidence because the proof shows that he intended to injure the victim. That argument is fallacious because an intent to cause physical injury to the victim is not inconsistent with the failure to perceive a risk that the act could result in the victim's death. (Appeal from Judgment of Lewis County Court, Merrell, J.—Criminally Negligent Homicide.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.