■ In the Matter of CHILD WELFARE ADMINISTRATION, on Behalf of JOHN R. and Others, Children Alleged to be Neglected, Respondent, v JENNIFER A., Appellant. [630 NYS2d 379] —In a neglect proceeding pursuant to Family Court Act article 10, the appeals are from (1) an order of disposition of the Family Court, Queens County (Schindler, J.), dated September 3, 1993, which, upon a fact-finding order of the same court, dated May 5, 1993, made after a hearing, finding that the appellant had neglected her children, directed that the appellant's custody of her children be supervised at least once a week for 12 months and directed that the appellant and her children attend therapy and (2) an order of disposition of the same court dated June 14, 1994, which, upon the consent of the appellant,

*inter alia,* placed the appellant's children with the Commissioner of Social Services for a period of 12 months. The appellant's notice of appeal from an order of the same court dated October 27, 1993, is deemed a premature notice of appeal from the order of disposition dated June 14, 1994. The appeals bring up for review the fact-finding order dated May 5, 1993.

Ordered that the appeal from the order of disposition dated September 3, 1993, is dismissed, without costs or disbursements, since that order was superseded by the order of disposition dated June 14, 1994; and it is further,

Ordered that the appeal from the order of disposition dated June 14, 1994, is dismissed, without costs or disbursements; and it is further,

Ordered that the fact-finding order dated May 5, 1993, is affirmed, without costs or disbursements.

The appellant is not aggrieved by the order of disposition dated June 14, 1994, which, *inter alia,* directed that the children be placed with the Commissioner of Social Services for a period of 12 months because she consented to the disposition. Therefore, the appeal from the order of disposition dated June 14, 1994, is dismissed. However, upon the appeal from that order, this Court may review the fact-finding order dated May 5, 1993, because that order was the subject of contest in the Family Court *(see, James v Powell,* 19 NY2d 249; *Katz v Katz,* 68 AD2d 536).

The fact-finding order dated May 5, 1993, is supported by a preponderance of the credible evidence, which unequivocally demonstrates that the appellant's mental illness and failure to continue with her prescribed course of medical treatment placed her children in imminent danger within the meaning of Family Court Act § 1012 (f). Thus, the finding of neglect is sufficiently supported *(see, Matter of Baby Boy E.,* 187 AD2d 512).

Contrary to the appellant's contention, her decision to proceed *pro se* during the presentation of her own testimony and closing statement was made knowingly and intelligently. The record shows that the appellant was initially assigned counsel to represent her on January 25, 1993. That counsel was relieved from representing the appellant on February 9, 1993, upon her request, and another attorney was promptly appointed by the court. The appellant's second assigned counsel represented the appellant throughout the petitioner's direct case at the fact-finding hearing. When the appellant's second assigned counsel advised the appellant not to testify on her own behalf, the appellant requested that he be dismissed and another attorney appointed to represent her. The court then

informed the appellant that, if she wanted her assigned counsel relieved, she would have to retain her own attorney. The appellant responded that she had retained counsel and that she would bring counsel to the next hearing. However, at her next court appearance, the appellant appeared without an attorney and again requested that her assigned counsel be dismissed. The appellant explained that she wanted to testify against her attorney's advice and that she wanted a female attorney "who is more sensitive to my needs." It was only after further colloquy that the court finally allowed the appellant to proceed *pro se.*

While the Family Court Act guarantees certain indigent persons the right to the assistance of counsel, those persons are not guaranteed the right to their choice of assigned counsel *(see,* Family Ct Act § 262 [a]; *Matter of William D.,* 198 AD2d 40; *cf., People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). The fact that the court in this case refused to accede to the appellant's demand that she be assigned the attorney of her choice does not mean that her decision to proceed *pro se* was coerced or that the court deprived her of her right to counsel *(cf., People v Jones,* 171 AD2d 632; *People v Willis,* 147 AD2d 727; *People v Williams,* 143 AD2d 959).

The record shows that the court asked the appellant several times whether she wanted to relieve her assigned counsel before it was satisfied that the appellant wanted to represent herself. The court then appointed a legal advisor to assist the appellant. The appellant consulted with her advisor for 15 to 20 minutes before testifying on her own behalf and before delivering her summation. After the appellant took the witness stand, the court reminded her that she did not have to testify and that her former attorney had strongly recommended that she not testify. The appellant indicated that she understood and that she still wanted to proceed *pro se* and testify.

In addition, the record shows that the appellant fully participated in the fact-finding hearing by offering extensive testimony on her own behalf. She answered the court's questions and opposing counsel's questions, and she delivered a closing statement after consultation with her assigned legal advisor. Even though the appellant voluntarily chose to represent herself for the limited period that she testified on her own behalf and delivered her summation, her interests were protected by her assigned legal advisor. Further, the appellant was ably represented by counsel during the petitioner's direct case at the fact-finding hearing and during all phases of the dispositional proceedings.

Under these circumstances, we find that the appellant knowingly, willingly, and voluntarily waived her right to counsel and that the court did not err in allowing her to represent herself during the presentation of her own testimony and summation *(see, Matter of F. Children,* 199 AD2d 81; *People v Gayle,* 167 AD2d 927; *People v Vilella,* 147 AD2d 666; *People v Lashley,* 138 AD2d 408). Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.