■ In the Matter of STARLIT L. MOONEY, Appellant, v TIMOTHY L. MOONEY, Respondent. [663 NYS2d 676] —Mikoll, J. P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 18, 1996, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

This matter involves a petition filed by petitioner to vacate a temporary order entered October 30, 1995 which granted temporary custody of the parties' child, Lucas, to respondent, as well as the cross petition by respondent for permanent custody.

After an extensive hearing, Family Court found that the totality of circumstances warranted modification of the prior order and granted permanent custody to respondent, finding that he displayed a special competence and unique ability in parenting that was missing in petitioner. Of great significance was the adamant desire of the child to reside with respondent. The court found that joint custody was not practicable in view of the animosity between the parties. The court granted liberal visitation rights to petitioner, setting out a detailed schedule thereof.

On this appeal petitioner contends that she was deprived of her statutory right to court-appointed counsel when Family Court refused to substitute new counsel after it granted petitioner's request to release the counsel assigned to her pursuant to Family Court Act § 262 (a) (v). She asserts that such failure forced her to proceed *pro se*, thus depriving her of due process rights.

Although petitioner was entitled to court-appointed counsel initially, she was not entitled to have substitute counsel appointed where she failed to show good cause for counsel's release. The Family Court Act's guarantee of assistance of counsel is not an absolute one (*see, Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694, 696, *lv denied* 87 NY2d 804). In order to have substitute counsel appointed, a party must establish that good cause for release existed necessitating dismissal of assigned counsel (*see, People v Jones*, 171 AD2d 632, *lv denied* 78 NY2d 968). Petitioner argued that assigned counsel had a conflict of interest. Family Court found that none existed requiring release of counsel. The record supports this finding. We find that petitioner proceeded *pro se* of her own volition and was not denied due process of law.

Petitioner next urges that Family Court erred in granting custody of her son to respondent as a result of a single isolated incident of alcohol abuse which did not present a change in circumstances necessitating modification of the existing custody arrangement. The record discloses that petitioner's drinking was of some duration, culminating in an alcohol-related auto accident. The child's life was affected by it. The record indicates that petitioner's fitness to provide for the child's needs is questionable. The child is happy residing with respondent; his

life has taken on stability and he is developing well. Petitioner's alcohol abuse and precarious state of recovery militates against the child's best interest. Family Court's award of sole custody to respondent is appropriate.

We also find, contrary to petitioner's urging, that joint custody is not indicated in view of petitioner's demonstrated hostility toward respondent.

Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.