64 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLIN CARD, Appellant. [669 NYS2d 864] —Appeal by the defen-

dant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered June 19, 1996, convicting him of burglary in the third degree and attempted burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

We reject the defendant's argument that certain statements he made to the police after his arrest should have been suppressed. The record clearly supports the hearing court's determination that the brief conversation among the police officers, which prompted the defendant's remarks, was not directed toward him or designed to elicit an incriminating response (*see, People v Betancourt*, 173 AD2d 481). Inasmuch as the contested statements were not made in response to express questioning or its functional equivalent, they were properly admitted at the trial (*see, People v Lashley*, 138 AD2d 408).

The defendant's further contention that the prosecutor mischaracterized the evidence during the summation is not preserved for appellate review (*see*, CPL 470.05 [2]). In any event, the prosecutor's statement that the green paint on the defendant's crowbar "matched" the paint on various items found at the two crime scenes did not exceed the "broad bounds of rhetorical comment permissible in closing argument" (*see, People v Bryant*, 163 AD2d 406, 407). Nor did the prosecutor call upon the jury to draw a conclusion that was not fairly inferable from the evidence (*cf., People v Ashwal*, 39 NY2d 105).

The defendant's argument that reversible error took place because a juror and an alternate juror may have seen him leaving the courtroom in handcuffs is likewise unpreserved for appellate review and, in any event, without merit. Lastly, the defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.