■ In the Matter of ELEANOR PETKOVSEK, Appellant, v JOEL D. SNYDER, Respondent. (Appeal No. 7.) [674 NYS2d 210] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying the request of petitioner to adjourn the January 20, 1998 custody hearing pending her appeal from the order in which the court refused to recuse itself and appoint a new Law Guardian (see, CPLR 5519 [c]), particularly in light of the fact that the underlying issues lack merit (see, *Matter of Petkovsek v Snyder* [appeal No. 4], 251 AD2d 1086 [decided herewith]). Nor did the court abuse its discretion in refusing to adjourn the hearing on the ground that the Law Guardian had failed to interview petitioner or the parties' child, or to visit petitioner's home. The Law Guardian had been representing the child for over two years in numerous court proceedings and was intimately familiar with the child's preference regarding custody. In addition, the Law Guardian had interviewed the child at respondent's house before the hearing.

We reject the contention of petitioner that the court erred in denying her motion to vacate the order that had vacated an ex parte order mandating that respondent have supervised visitation until the custody trial. The ex parte order was properly vacated because it was based on unsupported allegations of petitioner (see, Family Ct Act § 832).

The court properly dismissed for lack of prosecution the petition seeking modification of custody and the petition alleging violation of an order of protection. Petitioner refused to proceed with the petitions in the order in which they were filed. It is

within the discretion of the court to "determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue" (CPLR 4011).

The court properly denied petitioner's request for new assigned counsel that was made for the first time on the day the scheduled hearing was to commence. During the course of the proceedings, petitioner's retained counsel withdrew. At petitioner's request, the court twice appointed assigned counsel, both of whom petitioner dismissed. An indigent party's right to assigned counsel under the Family Court Act is not absolute (*see, Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694, 696, *lv denied* 87 NY2d 804). "In order to have substitute counsel appointed, a party must establish that good cause for release existed necessitating dismissal of assigned counsel" (*Matter of Mooney v Mooney*, 243 AD2d 840, 841). The record supports the court's finding that petitioner failed to establish good cause for the dismissal of both assigned counsel (*see, Matter of Mooney v Mooney, supra; Matter of Child Welfare Admin. [John R.] v Jennifer A., supra,* at 696). Petitioner had represented to the court that she would proceed *pro se* at the hearing and failed to request assigned counsel during the 90-day period before the hearing. Therefore, the court did not abuse its discretion in denying petitioner's request for new assigned counsel or for an adjournment (*see, Matter of Mooney v Mooney, supra; Matter of Child Welfare Admin. [John R.] v Jennifer A., supra,* at 696; *Matter of Mott v Ransom* [appeal No. 1], 210 AD2d 929). (Appeal from Order of Supreme Court, Herkimer County, Gilbert, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.