■ In the Matter of JENNIFER O. and Others, Children Alleged to be Neglected. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK L. O., Appellant. (Appeal No. 1.) [683 NYS2d 450] —Appeal unanimously dismissed without costs (*see, Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Neglect.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.

■ In the Matter of JENNIFER O. and Others, Children Alleged to be Neglected. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK L. O., Appellant. (Appeal No. 2.) [684 NYS2d 96] —Order unanimously affirmed without costs. Memorandum: Respondent contends that Family Court erred in concluding that he willfully violated an order of protection barring him from unsupervised contact with his three children. We disagree. At the hearing on the violation petition, respondent admitted that he was alone in a waiting room with his children for a few minutes. The record supports the finding that the violation was willful.

The court did not err in holding a joint hearing to receive evidence concerning the mother's petition to relocate, a family offense petition and the dispositional phase of the violation petition. The issues and proof in the three matters were overlapping. Respondent failed to establish that the court considered hearsay or other incompetent evidence introduced concerning the disposition on the violation petition in its factual determinations on the other petitions. There is overwhelming evidence that the relocation of the children with their mother to another State is in the children's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 740-741). There

is competent evidence to support the determination that respondent violated an order of protection barring any contact with the mother by sending threatening letters to her.

Respondent was not deprived of his right to counsel because he proceeded *pro se*. "While the Family Court Act guarantees certain indigent persons the right to the assistance of counsel, those persons are not guaranteed the right to their choice of assigned counsel * * * The fact that the court in this case refused to accede to the [respondent's] demand that [he] be assigned the attorney of [his] choice does not mean that [his] decision to proceed *pro se* was coerced or that the court deprived [him] of [his] right to counsel" (*Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694, 696, *lv denied* 87 NY2d 804). Contrary to respondent's contention, there is no evidence of judicial misconduct.

Finally, we have examined respondent's remaining contentions and conclude that they are without merit. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Contempt.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.