■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE EVANS, Appellant. [738 NYS2d 244] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered July 23, 1996, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions are largely unpreserved for appellate review. He either failed to object or raised only general objections to the allegedly improper summation comments (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245), and belatedly requested, inter alia, a mistrial and curative instructions after summations were complete (*see, People v Bryant,* 163 AD2d 406; *People v Morris,* 148 AD2d 552).

In any event, the prosecutor's comment that the arrest photograph showed "one day's growth [of the defendant's mustache]," and her explanation why the prerecorded money and crack cocaine were not recovered were fair comment on the evidence (*see, People v Ashwal,* 39 NY2d 105; *People v Holguin,* 284 AD2d 343; *People v Card,* 248 AD2d 547). Since the prosecutor did not state her personal belief regarding the truthfulness of the People's witnesses, it cannot be said that she improperly vouched for their credibility (*see, People v Bailey,* 58 NY2d 272; *cf., People v Walters,* 251 AD2d 433). The prosecutor's summation was a fair response to the defendant's summation and any alleged errors were sufficiently addressed by the Supreme Court's instruction to the jury (*see, People v Brown,* 272 AD2d 338; *People v Ferrer,* 245 AD2d 569; *People v Glod,* 234 AD2d 384; *People v Sumpter,* 192 AD2d 628).

The defendant's remaining contention is without merit. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.