■ In the Matter of JEFFREY A. RUTZ, Respondent, v SANDRA L. CARINCI, Appellant. [775 NYS2d 436]—

Kane, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered May 24, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are parents of one child born in 1991. They separated when he was one year old and shared custody until the commencement of this proceeding. Under the various prior orders, the child resided primarily with respondent (hereinafter the mother), but petitioner (hereinafter the father) had substantial visitation, including several weeknight visits and overnights. Both parties lived in or around the City of Oneida, Madison County. The prior agreements and orders prevented moving from central New York without consent or court order and required prior written notice before any move.

The mother was informed by the new owners of the convenience store where she worked that she would be demoted from manager to cashier, and have to work nights and travel. She decided to leave that job and, without looking for other work in the area, moved to the Town of Bainbridge, Chenango County, to live with her married boyfriend, by whom she was pregnant. After having the baby, the mother worked as a part-time waitress. The child resided with the mother for part of the summer, but before the school year began, the father petitioned Family Court for sole custody. The court granted a temporary order of custody to the father, in part to permit the child to attend the school that he had always attended.

The mother fired her first two attorneys and received assigned counsel as her third attorney. Two days prior to the fact-finding hearing, over two months after counsel was assigned, Family Court received a letter from the mother requesting new counsel based on a lack of communication. On the day of the hearing, the court denied the mother's request, which had been joined by counsel, and proceeded with the hearing. The court granted the father's petition for custody and provided the mother with visitation. The mother appeals.

Family Court did not abuse its discretion in denying the mother's request for new counsel or time to obtain different counsel. Although her counsel had not met with her before the day of the hearing, the record indicates that he called her at least twice and sent her at least one letter indicating the need to arrange an appointment, yet she never scheduled one. The mother dismissed her two prior attorneys, made no efforts to meet with counsel during the two months between his assignment and the hearing, and waited until days before the hearing before informing the court of any problem. Under these circumstances, the court properly exercised its discretion in determining that the mother failed to show good cause for counsel's release (see Matter of Petkovsek v Snyder, 251 AD2d 1088, 1089 [1998]; Matter of Mooney v Mooney, 243 AD2d 840, 841 [1997]).

In any event, counsel effectively represented the mother throughout the hearing by cross-examining the father's witnesses, raising objections, moving to dismiss the petition, conferring with the mother during questioning, and preparing the mother and her witness for questioning before presenting her case.

We will not disturb Family Court's custody determination as it had a sound and substantial basis in the record (see *Thompson v Smith*, 277 AD2d 520, 521 [2000]; *Satalino v Satalino*, 273 AD2d 632, 633-634 [2000]). In relocation cases, courts consider each parent's reasons for seeking or opposing the move, the relationship between the child and each parent, the impact of the move on the quality and quantity of the child's future contact with the noncustodial parent, and the move's potential enhancement of the child's and custodial parent's lives (see *Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *Satalino v Satalino, supra* at 633). Factually, the court here found that the mother chose to leave the area where the child had lived his entire life and move approximately 70 miles away to be with her boyfriend, she made no effort to find other employment when the conditions at her job changed, and her new job in Bainbridge paid 25% of what she was making in Oneida. The court also found that the mother was willing to place her animosity toward the father ahead of her relationship with the child, she allowed her boyfriend to grill the child concerning visitation with the father, she informed the father that he would have to pay an additional $100 per month for use of the backyard in the house that she rented to him and the child, and she evicted them out of spite soon after the temporary order was issued. On the other hand, the father always took advantage of custodial time with the child, the distance would prevent midweek visitation which occurred several times per week, the child loved both parents but had a stronger bond with the father, the father was more likely to foster a good relationship with both parents, and custody with the father would permit the child to attend the school that he had always attended and be near his friends and relatives. Based on these facts, the court's determination that relocation was not in the child's best interests has a sound and substantial basis in the record (see *Matter of Tropea v Tropea, supra*; *Matter of Storch v Storch*, 282 AD2d 845, 846-847 [2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Yelverton v Stokes*, 247 AD2d 719, 721-722 [1998], *lv denied* 92 NY2d 802 [1998]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.