# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**620**
**CAF 12-01136**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF DESTINY V.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,　　　　　MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MARK V., RESPONDENT-APPELLANT.

---

BERNADETTE M. HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

　　　　Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered May 21, 2012 in a proceeding pursuant to
Social Services Law § 384-b.  The order, among other things,
terminated respondent's parental rights with respect to the subject
child.

　　　　It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

　　　　Memorandum:  Respondent father appeals from an order terminating
his parental rights with respect to the subject child in this
proceeding pursuant to Social Services Law § 384-b.  We reject the
father's contention that Family Court erred in denying his request for
new assigned counsel.  The right of an indigent party to assigned
counsel under the Family Court Act is not absolute (*see Matter of
Petkovsek v Snyder*, 251 AD2d 1088, 1089).  " 'In order to have
substitute counsel appointed, a party must establish that good cause
for release existed necessitating dismissal of assigned counsel' "
(*id.*), and here the father failed to establish good cause.

Entered:  June 7, 2013　　　　　　　　　　　　　　Frances E. Cafarell
　　　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court