In the Matter of M. BOLEK BISKUPSKI, Respondent, v MARY E. (BISKUPSKI) MCCLELLAN, Appellant. [718 NYS2d 772] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined that it is in the best interests of the children to change custody from respondent to petitioner and thus properly granted the petition seeking that relief (*see generally, Eschbach v Eschbach,* 56 NY2d 167, 171).

The court also properly denied respondent's request for an adjournment to substitute new assigned counsel. "An indigent party's right to court-appointed counsel under the Family Court Act is not absolute" (*Matter of Petkovsek v Snyder,* 251 AD2d 1086). "In order to have substitute counsel appointed, a party must establish that good cause for release existed necessitating dismissal of assigned counsel" (*Matter of Mooney v Mooney,* 243 AD2d 840, 841; *see, Matter of Petkovsek v Snyder, supra,* at 1086). Here, respondent failed to show good cause for having her assigned counsel relieved and thus the court did not abuse its discretion in denying respondent's request for an adjournment to substitute new counsel (*see, Matter of Moore v McClenos,* 259 AD2d 752, 753; *Matter of Petkovsek v Snyder, supra,* at 1086). After petitioner had presented his case and rested on the first day of the trial, the court adjourned the matter for two weeks at the request of respondent, to enable her to seek witnesses to testify in her behalf. On the day before the trial was to resume, respondent sent a fax to the court stating that it was necessary for her to change counsel and requesting an adjournment. When the trial resumed the next day, respondent informed the court that she wanted new counsel because she believed that her counsel was overburdened with other cases and that her case was "going badly." The fact that the trial to that point had been favorable to

petitioner was due to the proof from his witnesses and was not due to the conduct of respondent's attorney. The contention of respondent that the court's determination was unsound because the court had no proof from respondent is without merit. Respondent cannot be heard to complain that she put in no proof because she had no counsel to assist her; assigned counsel was present on the day the proof was scheduled to resume and respondent declined to allow him to represent her. (Appeal from Order of Wayne County Family Court, Sirkin, J.—Custody.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.