■ In the Matter of Jeffrey M., Jr., an Infant. Erie County Department of Social Services, Respondent; Jeffrey M., Appellant. [723 NYS2d 790] —Order unanimously reversed on the law with costs and petition dismissed. Memorandum: Family Court erred in granting the petition seeking to terminate respondent's parental rights on the ground of abandonment (*see,* Social Services Law § 384-b [5] [b]). In May 1997 respondent's child was removed from the custody of the child's mother, who was alleged to have permanently neglected the child. In support of the instant petition, petitioner presented the testimony of a caseworker assigned to the child's case from May 1997 to October 1998. The caseworker testified that, because of an indicated report in 1995 with respect to an allegation that respondent sexually abused the child, respondent was not considered as a placement option when the child was removed from the custody of his mother, nor did the caseworker contact respondent, although he knew where to locate him. The caseworker had no contact with respondent during the period in which he was assigned to the case and did not know whether respondent had contact with the foster families with whom the child had been placed during that time period. The caseworker also did not know whether respondent had been told by another employee of petitioner that he was not permitted to have contact with the child based on the indicated report of sexual abuse in 1995. Although petitioner failed to present any evidence with respect to the six-month period from October 1998 to March 1999, when the petition was filed, respondent conceded that he had no contact with petitioner or the child during that six-month period (*see,* Social Services Law § 384-b [4] [b]). On January 20, 1999, however, prior to the filing of the instant petition and during the relevant six-month period, respondent filed a petition seeking custody of the child.

Pursuant to Social Services Law § 384-b (5) (a), "a child is 'abandoned' by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented

or discouraged from doing so by the agency. In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed." Failure to visit or communicate "is not sufficient in and of itself to establish abandonment, however, since inquiry must be made, on a case-by-case basis, as to whether there exists good reason for the failure to visit or communicate" (*Matter of Jasmine T.*, 162 AD2d 756, 757, *lv denied* 76 NY2d 714). Respondent testified that he was advised by an employee of petitioner in May 1997 that he would not be permitted contact with his son unless the indicated report of sexual abuse was expunged. He further testified that he wrote to an address in Albany provided to him by the employee, in an effort to have that report expunged. Petitioner did not controvert the testimony of respondent that petitioner prevented him from visiting and communicating with the child, with whom he had regular and frequent contact prior to the removal of the child from his mother's custody in May 1997. The testimony of respondent that he did not intend to forego his parental rights is supported by his petition seeking custody of the child (*see,* Social Services Law § 384-b [5] [b]; *cf., Matter of Nahiem G.,* 241 AD2d 632, 633-634).

Thus, we conclude that petitioner failed to prove by clear and convincing evidence that respondent abandoned the child (*see,* Social Services Law § 384-b [3] [g]). We therefore reverse the order and dismiss the petition. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present—Green, J. P., Hayes, Scudder, Burns and Lawton, JJ.