██ In the Matter of JOSEPH E., an Infant. HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS E., Appellant. [791 NYS2d 760]—

Appeal from an order of the Family Court, Herkimer County (Henry A. LaRaia, J.), entered December 1, 2003 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged that respondent's child is an abandoned child and transferred the guardianship and custody of the child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly terminated respondent's parental rights on the ground of abandonment. A child is abandoned if his or her parent "evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]" (Social Services Law § 384-b [5] [a]). Here, respondent was prohibited from contacting his child during the six months prior to the filing of the abandonment petition based on an order of protection, and petitioner further established by clear and convincing evidence that respondent had no contact with petitioner during that six-month period (see § 384-b [3] [g]; [4] [b]). The testimony of respondent

that he had a meeting with two representatives of petitioner during that six-month period merely presented a credibility issue, and we perceive no basis for disturbing the court's resolution of that credibility issue against respondent (*see Matter of Shaolin G.*, 277 AD2d 312, 313 [2000], *lv denied* 96 NY2d 710 [2001]; *see also Matter of Taylor O.P.*, 303 AD2d 1024 [2003]; *Matter of Jamella G.*, 291 AD2d 933, 934 [2002]). In any event, even assuming, arguendo, that the court erred in failing to credit respondent's testimony, we would nevertheless conclude that respondent's contact with petitioner during the six-month period at issue was "minimal, sporadic or insubstantial" and thus was insufficient to defeat the petition (*Matter of Nahiem G.*, 241 AD2d 632, 633 [1997]; *see Matter of Christina W.*, 273 AD2d 918 [2000]; *Matter of Candice K.*, 245 AD2d 821, 822 [1997]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.