In the Matter of JASMINE J., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER B., Appellant. [844 NYS2d 533]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 15, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order determined that respondent abandoned his child and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly terminated the parental

rights of respondent father upon determining that petitioner established by clear and convincing evidence that the father abandoned his child. Petitioner established that, in the six months immediately preceding the filing of the petition, the father failed to communicate with the child and had contact with petitioner only while in court and through a single letter to the caseworker (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Julius P.*, 63 NY2d 477, 481 [1984]). That limited contact is insubstantial and does not preclude a finding of abandonment (*see Matter of Kyle K.*, 13 AD3d 1162 [2004]; *Matter of Taylor O.P.*, 303 AD2d 1024 [2003]; *Matter of Michael B.*, 284 AD2d 946 [2001]). Although the father testified at the hearing on the petition that he asked the caseworker for the address of his child's foster mother, that testimony was contradicted by the caseworker's testimony that the father never asked for an address to enable him to write to his child. The conflicting testimony of the father and the caseworker presented a credibility issue for the court to resolve, and its resolution of credibility issues is entitled to great weight (*see Matter of Female F.*, 40 AD3d 993 [2007]; *see also Matter of Joseph E.*, 16 AD3d 1148 [2005]). Further, a finding of abandonment is not precluded based on the fact that the father informed petitioner that he planned that his fiancée would take temporary custody of the child and he was not contacted by petitioner following its unsuccessful attempts to contact his fiancée. In the context of abandonment as opposed to permanent neglect, petitioner "was not 'obligated to contact [the father] and initiate efforts to encourage his parental relationship with [his child]' " (*Matter of Alexander B.*, 277 AD2d 937 [2000]; *see Julius P.*, 63 NY2d at 481). In addition, the father's "expressions of subjective intent to care for the child at a future time do not preclude a finding of abandonment" (*Matter of Lindsey B.*, 16 AD3d 1078, 1078 [2005]). We have considered the father's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.