In the Matter of CRYSTAL M., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MATTHEW A.M., SR., Appellant. [856 NYS2d 376]—

Memorandum: Family Court properly terminated respondent father's parental rights on the ground of abandonment. Petitioner established that, in the six months immediately preceding the filing of the petition, the father failed to visit or communicate with his child, and we conclude that his sole contact with petitioner during the statutory period "was insubstantial and thus does not preclude the finding of abandonment" (*Matter of William N.*, 17 AD3d 1158, 1159 [2005]; *see Matter of Jasmine J.*, 43 AD3d 1444 [2007]; *Matter of Timothy H.*, 37 AD3d 1119 [2007], *lv denied* 8 NY3d 813 [2007]). We thus conclude that petitioner established by the requisite clear and convincing evidence that the father abandoned his child (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Anthony T.*, 35 AD3d 1201 [2006], *lv denied* 8 NY3d 809 [2007]). Contrary to the further contention of the father, petitioner neither prevented nor discouraged him from visiting with his child. Indeed, the record establishes that, when the father contacted petitioner concerning visitation, the caseworker advised him to obtain a copy of the order setting forth the manner in which the supervised visitation was to occur, and she informed him that she would then make the arrangements for the supervised visitation. Petitioner's "[i]nsistence upon compliance with the court order [with respect to supervised visitation] is not interference or willful conduct sufficient to preclude a finding of abandonment" (*Matter of Andrea A.*, 12 AD3d 991, 992 [2004], *lv denied* 4 NY3d 705 [2005]). Present—Scudder, P.J., Hurlbutt, Smith, Centra and Pine, JJ.