In the Matter of RAKIM D.D.S., and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD S., Appellant. [856 NYS2d 754]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered November 14, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent on the ground of abandonment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of abandonment. Contrary to the contention of the father, petitioner established by the requisite clear and convincing evidence that he abandoned

his two children (see Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Anthony T.*, 35 AD3d 1201 [2006], *lv denied* 8 NY3d 809 [2007]). Petitioner's caseworker testified that she received a letter from the father, who was incarcerated, asking why his children were in foster care and seeking their address. In replying to that letter, the caseworker advised the father to send any cards or letters for the children to petitioner and that she would deliver them to the children. According to the caseworker, she received no correspondence for the children from the father, nor did he contact her again, although she sent him additional correspondence. She further testified that there was no indication in her file that the father contacted his children. We conclude that the father's "sole contact with [the caseworker] during the statutory period 'was insubstantial and thus does not preclude the finding of abandonment' " (*Matter of Crystal M.*, 49 AD3d 1212, 1213 [2008]). Although the father testified that he sent letters for the children to their mother, that testimony merely presented a credibility issue that Family Court was entitled to resolve against the father (see *Matter of Shaolin G.*, 277 AD2d 312, 313 [2000], *lv denied* 96 NY2d 710 [2001]). Finally, we reject the further contention of the father that he was denied effective assistance of counsel (see *Matter of Christopher W.*, 42 AD3d 692, 693 [2007]; *Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]; see also *Matter of Bryan W.*, 299 AD2d 929, 930 [2002], *lv denied* 99 NY2d 506 [2003]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.