In the Matter of Lucas B., an Infant. Erie County Department of Social Services, Respondent; Jeffery V., Appellant. [876 NYS2d 255]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered December 20, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating his parental rights with respect to his son on the ground of abandonment, respondent father contends that petitioner failed to establish abandonment by clear and convincing evidence. We reject that contention (see Matter of Annette B., 4 NY3d 509, 514-515 [2005], rearg denied 5 NY3d 783 [2005]). The father's parole officer testified at the hearing on the petition that, although the father was prohibited from contacting any child under the age of 18, he was not prohibited from contacting petitioner. Contrary to the contention of the father, his failure to communicate with petitioner is not excused by the fact that he was participating in a sex offender treatment program, nor is it excused by the fact that the conditions of his release on parole prohibited him from having any contact with children under the age of 18 (see Matter of Oscar L., 8 AD3d 569, 569-570 [2004]; Matter of Orange County Dept. of Social Servs. [Diane A.], 203 AD2d 367 [1994]). "The parent who has been prohibited from direct contact with the child, in the child's best interest[s], continues to have an obligation to maintain contact with the person having legal custody of the child" (Matter of Gabrielle HH., 306 AD2d 571, 573 [2003], affd 1 NY3d 549 [2003]). Two caseworkers for petitioner testified at the fact-finding hearing that the father, who was represented by counsel throughout the statutory six-month period (see Social Services Law § 384-b [4] [b]), failed to communicate with petitioner concerning the status of the child and any plans for the child's future, and he failed to request information concerning the child from caseworkers he saw in court. In addition, he failed to file a petition for custody of the child or visitation with him. Indeed, we note that the father admitted at the hearing that he never contacted the child's caseworker during the statutory six-month period.

Finally, the father failed to preserve for our review his contention that the testimony of petitioner's two caseworkers constituted inadmissible hearsay (*see Matter of Isaiah R.*, 35 AD3d 249 [2006]; *Matter of "Baby Girl" Q.*, 14 AD3d 392 [2005], *lv denied* 5 NY3d 704 [2005]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.