■ In the Matter of DENNIS K.A., III, and Another, Infants. WYOMING COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENNIS A., JR., Appellant. [881 NYS2d 249]—

Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered December 24, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his children on the ground of abandonment and, inter alia, placing them in petitioner's custody. The father failed to preserve for our review his contention that the underlying petitions were jurisdictionally defective because they sought to terminate his parental rights on the ground of permanent neglect rather than abandonment (see generally Matter of Abraham C., 55 AD3d 1442, 1442-1443 [2008], lv denied 12 NY3d 701 [2009]). In any event, that contention lacks merit. The fact that the petitions were denominated as petitions seeking termination of the father's parental rights on the ground of permanent neglect does not render them jurisdictionally defective because the factual paragraphs in both petitions alleged that the father abandoned his children (see generally Matter of Shavonda GG., 232 AD2d 780, 780-781 [1996]).

We reject the father's further contention that petitioner failed to establish by the requisite clear and convincing evidence that he had abandoned the children (see Social Services Law § 384-b [3] [g] [i]; [4] [b]). Petitioner presented evidence establishing that the father had almost no contact with the children in the five years preceding the filing of the petitions and that he had failed to keep petitioner apprised of his location. We thus conclude that petitioner established the "intent [of the father] to forego his . . . parental rights and obligations as manifested by his . . . failure to visit the child[ren] and communicate with [them] or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]" (§ 384-b [5] [a]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.