◼ In the Matter of ALICIA M.L., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; KAREN L., Appellant. [961 NYS2d 807]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Arias, J.), dated March 23, 2012, which, upon her admission that she permanently neglected the subject child, and after a dispositional hearing, terminated her parental rights and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and St. Vincent's Services, Inc., for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Under the circumstances of this case, the Family Court properly determined that the best interests of the subject child would be served by terminating the mother's parental rights and freeing the child for adoption by her foster mother (see Family Ct Act § 631). A suspended judgment was not warranted in this instance, despite the mother's recent progress and efforts to plan for the child's future, because the child has bonded with her foster mother, who has competently and consistently provided for her specialized needs since she was three months old, and it is not in the child's best interests to prolong the uncertainty of foster care (see Matter of Ty-Wan Jayden H. [Lashanda Odessa V.], 95 AD3d 1324 [2012]; Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 951 [2012]; Matter of Jonathan B. [Linda S.], 84 AD3d 1078 [2011]; Matter of Angelica W. [Dorothy W.], 80 AD3d 772, 773 [2011]).

Contrary to the mother's contention, the Family Court did not err in failing to appoint new counsel to represent her (see Matter of Tajani B., 49 AD3d 876, 877 [2008]; Matter of Moore v McClenos, 259 AD2d 752 [1999]; see also Matter of Biskupski v McClellan, 278 AD2d 912 [2000]; Matter of Mooney v Mooney, 243 AD2d 840 [1997]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.