# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**684**

**CAF 13-01440**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF NOAH G.
--------------------------------------
WYOMING COUNTY DEPARTMENT OF SOCIAL          MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

ANTHONY G., RESPONDENT-APPELLANT.

---

MICHAEL STEINBERG, ROCHESTER, FOR RESPONDENT-APPELLANT.

WENDY S. SISSON, GENESEO, FOR PETITIONER-RESPONDENT.

TERESA KOWALCZYK, ATTORNEY FOR THE CHILD, WARSAW.

---

Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered July 23, 2013 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order terminating his parental rights on the ground of abandonment.  Contrary to the contention of the father, petitioner established by the requisite clear and convincing evidence that he abandoned his child (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Dennis K.A.*, 63 AD3d 1638, 1638).  Petitioner's caseworker testified that the father was required to contact her prior to any visitation with the child, which was to be supervised by the child's grandfather.  The father contacted the caseworker before visits that took place commencing in October 2011, but last contacted her concerning a visit in May 2012.  He did not contact her again before petitioner filed the abandonment petition in December 2012.  In addition, the father failed to appear at court proceedings with respect to the child during the relevant time period, although he had notice of those proceedings.  The father's testimony that he visited with the child during the relevant time period and that he believed that only the grandfather was required to contact the caseworker concerning the visits merely raised a credibility issue that Family Court was entitled to resolve against the father (*see* *Matter of Kaitlin R.*, 28 AD3d 1243, 1244, *lv denied* 7 NY3d 706; *Matter of Joseph E.*, 16 AD3d 1148, 1148-1149).

Entered:  June 13, 2014                      Frances E. Cafarell
                                               Clerk of the Court