# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

685

CAF 12-01880

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MIRANDA J., TREVOR J. AND
DOMINICK J.
----------------------------------------------
WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES,       MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JEROMY J., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

ELIZABETH A. SAMMONS, WILLIAMSON, FOR RESPONDENT-APPELLANT.

GARY LEE BENNETT, LYONS, FOR PETITIONER-RESPONDENT.

SEAN D. LAIR, ATTORNEY FOR THE CHILDREN, SODUS.

---

Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered September 7, 2012 in proceedings pursuant to Social Services Law § 384-b.  The order, among other things, transferred guardianship and custody of the subject children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by dismissing the petition filed on April 12, 2011 and as modified the order is affirmed without costs.

Memorandum:  In appeal No. 1, respondent father appeals from an order that granted two abandonment petitions, the first filed on April 12, 2011 and the second filed on June 22, 2011, and thereby terminated the father's parental rights on the ground of abandonment.  In appeal No. 2, respondent mother appeals from an order that likewise granted two abandonment petitions, also filed on those dates, and thereby terminated her parental rights on the ground of abandonment.  The respective abandonment petitions against the father and the mother (collectively, respondents) were considered by Family Court during a single consolidated hearing.

In both appeals, we conclude that the court properly granted the two June 22, 2011 petitions and terminated the parental rights of respondents upon determining that petitioner established by clear and convincing evidence that respondents abandoned their children.  Social Services Law § 384-b (5) (a) provides that "a child is 'abandoned' by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or [petitioner],

although able to do so and not prevented or discouraged from doing so by [petitioner]." Although respondents were prohibited from contacting their children during the six months prior to the filing of the June 22, 2011 abandonment petitions based on an order of protection, it is well settled that "[t]he parent who has been prohibited from direct contact with the child, in the child's best interest[s], continues to have an obligation to maintain contact with the person having legal custody of the child" (*Matter of Gabrielle HH.*, 306 AD2d 571, 573, *affd* 1 NY3d 549; *see Matter of Lucas B.*, 60 AD3d 1352, 1352). During the six-month period prior to the June 22, 2011 petitions, respondents' sole contact with petitioner was at a uniform case review meeting that had been arranged by petitioner. Contrary to respondents' contentions, that " 'insubstantial contact[]' with petitioner . . . [is] insufficient to preclude a finding of abandonment" (*Matter of Christina W.*, 273 AD2d 918, 918; *see Matter of Jasmine J.*, 43 AD3d 1444, 1445; *Matter of Loretta Lynn W.*, 149 AD2d 928, 928). Contrary to their further contentions, respondents failed to meet their burden of demonstrating that "there were circumstances rendering contact with [petitioner] infeasible," or that petitioner discouraged them from having contact (*Matter of Regina A.*, 43 AD3d 725, 725; *see Matter of Drevonne G. [Darrell G.]*, 96 AD3d 1348, 1349).

We further conclude in both appeals, however, that the court erred in granting the petitions filed April 12, 2011, and we therefore modify the order in each appeal accordingly. The record establishes that respondents contacted petitioner about the children numerous times during October and November 2010, and petitioner therefore failed to establish that respondents evinced an intent to forego their parental rights and obligations during the six-month period immediately prior to the filing of the April 12, 2011 petitions (*cf. Christina W.*, 273 AD2d at 918).

Finally, we reject respondents' contentions that they received ineffective assistance of counsel. Respondents "failed to demonstrate that [they were] prejudiced by [their respective] attorney[s'] alleged ineffective assistance" (*Matter of Sarah A.*, 60 AD3d 1293, 1294-1295; *see Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704).

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court