# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**326**

**CAF 13-01641**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ANTHONY C.S., DOMINIC V.S.
AND NOAH E.S.

----------------------------------------                MEMORANDUM AND ORDER

MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

JOSHUA S., SR., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (COURTNEY S. RADICK OF COUNSEL), PRO BONO APPEALS PROGRAM, OSWEGO, FOR RESPONDENT-APPELLANT.

MERIDETH SMITH, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

FARES A. RUMI, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from a second amended order of the Family Court, Monroe County (John B. Gallagher, Jr., J.), entered September 5, 2013 in a proceeding pursuant to Social Services Law § 384-b. The second amended order, inter alia, terminated the parental rights of respondent.

It is hereby ORDERED that the second amended order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from a second amended order that, inter alia, terminated his parental rights with respect to the subject children on the ground of abandonment. Contrary to the father's contention, petitioner established abandonment by the requisite clear and convincing evidence, by establishing that the father "evince[d] an intent to forego his . . . parental rights and obligations" for the six-month period before the filing of the instant petition (Social Services Law § 384-b [5] [a]; *see* § 384-b [4] [b]; *Matter of Annette B.*, 4 NY3d 509, 514, *rearg denied* 5 NY3d 783; *Matter of Julius P.*, 63 NY2d 477, 481). "The record reflects that, among other things, [the father] did not make any visits to the children during the [first five months of the] six-month period prior to commencement of the abandonment proceeding despite having a right to weekly visitation. During such time frame, he availed himself of other travel and vacations, but elected not to see his children" (*Matter of Jasper QQ.*, 64 AD3d 1017, 1020, *lv denied* 13 NY3d 706), and failed to communicate with them. Furthermore, although the father was incarcerated for the final month of the six-month period and "of course [was] not able to

visit the child[ren at that time], he . . . is still presumed able to communicate absent proof to the contrary" (*Annette B.*, 4 NY3d at 514), and petitioner established that the father did not communicate with the children or their foster parents during the final month of the six-month period.  Insofar as the father contends that he contacted the children's caseworker and requested visitation while he was incarcerated during the final month of the six-month period, we note that "[t]he conflicting testimony of the father and the caseworker presented a credibility issue for [Family C]ourt to resolve, and its resolution of credibility issues is entitled to great weight" (*Matter of Jasmine J.*, 43 AD3d 1444, 1445).  Contrary to the father's contention, the evidence establishing that he engaged in " 'minimal, sporadic or insubstantial contacts [is not] sufficient to defeat [the] otherwise viable claim of abandonment' " (*Matter of Maddison B. [Kelly L.]*, 74 AD3d 1856, 1856-1857; *see Matter of Miranda J. [Jeromy J.]*, 118 AD3d 1469, 1470; *Matter of Joseph E.*, 16 AD3d 1148, 1149).  Similarly, his single payment of partial child support arrears "under the circumstances of this case . . . does not constitute communication with the child[ren] or petitioner sufficient 'to defeat an otherwise viable claim of abandonment' " (*Matter of Melerina M. [Andrew A.]*, 118 AD3d 1505, 1507, *lv denied* 24 NY3d 905).

Entered:  March 20, 2015                              Frances E. Cafarell
                                                      Clerk of the Court