# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**520**
**CAF 16-00122**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JOHN F., JAMES F., AND
JANAE F.

------------------------------------------   MEMORANDUM AND ORDER

COMMISSIONER OF ONTARIO COUNTY DEPARTMENT OF
SOCIAL SERVICES, PETITIONER-RESPONDENT;

JOHN F., JR., RESPONDENT-APPELLANT.

---

SUSAN GRAY JONES, CANANDAIGUA, FOR RESPONDENT-APPELLANT.

GARY L. CURTISS, COUNTY ATTORNEY, CANANDAIGUA (HOLLY A. ADAMS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

SONALI R. SUVVARU, ATTORNEY FOR THE CHILDREN, CANANDAIGUA.

---

Appeal from an order of the Family Court, Ontario County (Craig J. Doran, J.), entered January 5, 2016 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent had abandoned the subject children.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of abandonment. We agree with the father that petitioner failed to establish by clear and convincing evidence that he abandoned the subject children (*see generally* Social Services Law § 384-b [3] [g] [i]; [4] [b]). "A child is deemed abandoned where, for the period six months immediately prior to the filing of the petition for abandonment . . . , a parent 'evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or [petitioner], although able to do so and not prevented or discouraged from doing so by [petitioner]' " (*Matter of Azaleayanna S.G.-B. [Quaneesha S.G.]*, 141 AD3d 1105, 1105, quoting § 384-b [5] [a]; *see Matter of Anthony C.S. [Joshua S.]*, 126 AD3d 1396, 1396-1397, *lv denied* 25 NY3d 911). Here, the evidence established that the father, who was incarcerated for most of the six-month period immediately prior to the filing of the petition, contacted the children or petitioner every month during that period. The father wrote letters to the children and called, met with, and wrote letters to the children's caseworker. We conclude that the father's contacts were not minimal, sporadic, or insubstantial (*cf.*

*Matter of Maddison B. [Kelly L.]*, 74 AD3d 1856, 1856-1857).  Moreover, during that period, the father filed a petition seeking custody or visitation with the children, which indicates that he did not intend to forego his parental rights (*see Matter of Jeffrey M.*, 283 AD2d 974, 975).  Although Family Court's finding that the father failed to offer a meaningful plan for the children's future is relevant to a termination proceeding based on permanent neglect (*see* § 384-b [7] [a]), it is not relevant to a termination proceeding based on abandonment (*see generally Matter of Medina Amor S.*, 50 AD3d 8, 15, *lv denied* 10 NY3d 709).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court