Matter of Anthony J.A. (Jason A.A.) (2020 NY Slip Op 00969)





Matter of Anthony J.A. (Jason A.A.)


2020 NY Slip Op 00969


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1291 CAF 18-00964

[*1]IN THE MATTER OF ANTHONY J.A. GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JASON A.A., SR., RESPONDENT-APPELLANT.






BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT.
CATHERINE J. PALERMO, BATAVIA, FOR PETITIONER-RESPONDENT. 
DAVID J. PAJAK, ALDEN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered May 4, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that, inter alia, terminated his parental rights on the ground of abandonment. Contrary to the contention of the father, petitioner established by the requisite clear and convincing evidence that the father abandoned the subject child (see Social Services Law § 384-b [4] [b]; [5] [a]; see generally Matter of Anthony C.S. [Joshua S.], 126 AD3d 1396, 1396-1397 [4th Dept 2015], lv denied 25 NY3d 911 [2015]). Although the father was incarcerated during the six months preceding the filing of the abandonment petition and was subject to an order of protection that precluded him from direct contact with the child, a "parent who has been prohibited from direct contact with the child, in the child's best interest[s], continues to have an obligation to maintain contact with the person having legal custody of the child" (Matter of Lucas B., 60 AD3d 1352, 1352 [4th Dept 2009] [internal quotation marks omitted]; see generally Matter of Miranda J. [Jeromy J.], 118 AD3d 1469, 1470 [4th Dept 2014]), in this case petitioner. Here, petitioner's caseworker testified that, although she provided the father with her contact information, sent the father regular updates regarding the child, and informed the father that he needed to plan for the child's future, she received only one letter from the father during the relevant period. That contact with petitioner "was insubstantial and thus does not preclude the finding of abandonment" (Matter of Crystal M., 49 AD3d 1312, 1313 [4th Dept 2008] [internal quotation marks omitted]; see Matter of Rakim D.D.S., 50 AD3d 1521, 1522 [4th Dept 2008], lv denied 10 NY3d 717 [2008]; Matter of Tonasia K., 49 AD3d 1247, 1248 [4th Dept 2008]). Similarly, the father's "expressions of subjective intent to care for the child at a future time do not preclude a finding of abandonment" (Matter of Jasmine J., 43 AD3d 1444, 1445 [4th Dept 2007] [internal quotation marks omitted]). To the extent that the father asserted at the hearing that he sent additional letters to petitioner, that testimony presented an issue of credibility that Family Court was entitled to resolve against him (see Rakim D.D.S., 50 AD3d at 1522; Jasmine J., 43 AD3d at 1445).
We reject the father's contention that the court abused its discretion in denying his request, made on the day of the hearing, for an adjournment to substitute assigned counsel. "The right of an indigent party to assigned counsel under the Family Court Act is not absolute," and a party seeking the appointment of substitute counsel "must establish that good cause for release existed necessitating dismissal of assigned counsel" (Matter of Destiny V. [Mark V.], 107 AD3d 1468, 1469 [4th Dept 2013]; see generally Matter of Biskupski v McClellan, 278 AD2d 912, 912 [*2][4th Dept 2000]). The father failed to make that showing here. The court likewise did not abuse its discretion in failing to adjourn the hearing to permit the father's counsel to conduct further meetings with the father in preparation for the hearing (see generally Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Michael S. [Brittany R.], 159 AD3d 1502, 1503 [4th Dept 2018], lv denied 31 NY3d 909 [2018]).
Finally, contrary to the father's contention, the record establishes that, "viewed in the totality of the proceedings, [the father] received meaningful representation" (Michael S., 159 AD3d at 1504 [internal quotation marks omitted]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court