Matter of Bryson M. (Victoria M.) (2020 NY Slip Op 03335)





Matter of Bryson M. (Victoria M.)


2020 NY Slip Op 03335


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


505 CAF 18-02365

[*1]IN THE MATTER OF BRYSON M. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; VICTORIA M., RESPONDENT-APPELLANT.






ROBERT GALLAMORE, OSWEGO, FOR RESPONDENT-APPELLANT. 
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered December 11, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that terminated her parental rights with respect to the subject child on the basis of her intellectual disability (see Social Services Law
§ 384-b [4] [c]). Contrary to the mother's contention, petitioner established by clear and convincing evidence that she was "presently and for the foreseeable future unable, by reason of . . . intellectual disability, to provide proper and adequate care for [the] child" (id.; see generally Matter of Joseph A.T.P. [Julia P.], 107 AD3d 1534, 1535 [4th Dept 2013]). Specifically, petitioner presented, inter alia, evidence of the mother's IQ score of 57, which had remained substantially constant and rendered her meaningfully unable to understand the child's significant medical needs and to effectively parent him, and the opinion of a psychologist that the mother was unable to safely care for the child both presently and for the foreseeable future (see Joseph A.T.P., 107 AD3d at 1535).
We reject the mother's further contention that Family Court erred in giving any weight to the testimony of the psychologist. The psychologist interviewed and examined the mother. He also reviewed his earlier psychological evaluation of her, documents from the child's foster parent and the mother's parent educators, and a prior psychological evaluation report of the mother compiled by another professional. Contrary to the mother's contention, the fact that the psychologist did not review certain of the mother's mental health records "is not, by itself, reason for discrediting his testimony" (Matter of Tyesha W., 259 AD2d 349, 349 [1st Dept 1999]), and the court was entitled to rely upon the opinion of the psychologist, especially in the absence of contradictory expert testimony regarding the mother's intellectual capacity (see generally Joseph A.T.P., 107 AD3d at 1535; Matter of Allen DD., 17 AD3d 740, 743 [3d Dept 2005], lv denied 5 NY3d 704 [2005]).
Assuming, arguendo, that the court erred in allowing various lay witnesses to testify regarding the child's medical condition, we conclude that, contrary to the mother's contention, " [a]ny error in the admission of [that testimony] is harmless because the result reached herein would have been the same even had such [testimony] been excluded' " (Matter of Kyla E. [Stephanie F.], 126 AD3d 1385, 1386 [4th Dept 2015], lv denied 25 NY3d 910 [2015]; see generally Matter of Ayden W. [John W.], 156 AD3d 1389, 1390 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). Here, it was undisputed that the child suffered from certain medical [*2]conditions, and testimony regarding the nature of those conditions was properly elicited through the testimony of the child's pediatrician, the admission of which the mother does not dispute on appeal.
The mother failed to preserve for our review her further contention that the court erred in terminating her parental rights absent a finding that petitioner had made "reasonable accommodations" for her pursuant to the Americans with Disabilities Act (see Matter of Cerenithy B. [Ecksthine B.], 149 AD3d 637, 638 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]; see generally Matter of Emerald L.C. [David C.], 101 AD3d 1679, 1680 [4th Dept 2012]). The mother likewise failed to preserve her contention that the court erred in failing to adjourn the termination proceedings (see generally Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court