Matter of Danyel J. (Alan J.--Leeann B.) (2020 NY Slip Op 06915)





Matter of Danyel J. (Alan J.--Leeann B.)


2020 NY Slip Op 06915


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1022 CAF 19-02132

[*1]IN THE MATTER OF DANYEL J. AND JOHN J. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ALAN J., RESPONDENT-APPELLANT, AND LEEANN B., RESPONDENT. 






CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
MICHAEL D. WERNER, WATERTOWN, FOR PETITIONER-RESPONDENT.
MELISSA L. KOFFS, CHAUMONT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Jefferson County (Daniel R. King, A.J.), entered October 1, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondents with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject children. We reject the father's contention that Family Court erred in denying his request for new assigned counsel. "The right of an indigent party to assigned counsel under the Family Court Act is not absolute" (Matter of Destiny V. [Mark V.], 107 AD3d 1468, 1469 [4th Dept 2013]; see Matter of Anthony J.A. [Jason A.A.], 180 AD3d 1376, 1378 [4th Dept 2020], lv denied 35 NY3d 902 [2020]). A party seeking the appointment of new assigned counsel " 'must establish that good cause for release existed necessitating dismissal of assigned counsel' " (Anthony J.A., 180 AD3d at 1378; see Destiny V., 107 AD3d at 1469). The father failed to establish good cause here.
Insofar as the father preserved for our review his further contention that the court erred in admitting hearsay evidence at the fact-finding hearing, we conclude that any error is harmless because "the court placed minimal, if any, reliance on" the statements in question (Matter of Higgins v Higgins, 128 AD3d 1396, 1397 [4th Dept 2015]; see Matter of Carl B. [Crystale L.], 178 AD3d 1456, 1456 [4th Dept 2019], lv denied 35 NY3d 903 [2020]) and, "even without reference to [the statements], the clear and convincing proof presented at the fact-finding hearing established the [father's] permanent neglect of the child[ren]" (Carl B., 178 AD3d at 1456-1457; see Matter of Bryson M. [Victoria M.], 184 AD3d 1138, 1139 [4th Dept 2020]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court