Matter of Wayne County Support Collection Unit v Williams (2021 NY Slip Op 06517)





Matter of Wayne County Support Collection Unit v Williams


2021 NY Slip Op 06517


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


965 CAF 19-01349

[*1]IN THE MATTER OF WAYNE COUNTY SUPPORT COLLECTION UNIT, ON BEHALF OF LAURIE FABI, PETITIONER-RESPONDENT,
v
JEFFREY WILLIAMS, SR., RESPONDENT-APPELLANT. 






ROY G. FRANKS, MARION, FOR RESPONDENT-APPELLANT.
ALEX CAMERON, LYONS, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered May 23, 2019 in a proceeding pursuant to Family Court Act article 4. The order, among other things, determined that respondent willfully violated an order of child support. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order that, inter alia, determined that he willfully violated an order of child support and sentenced him to six months in jail. Contrary to the father's contention, Family Court did not abuse its discretion in denying his second request for substitute counsel. Although "[a]n indigent person facing incarceration for violation of a court order has a right to the assignment of counsel" under the Family Court Act (Circe v Circe, 289 AD2d 620, 621 [3d Dept 2001]; see Family Ct Act § 262 [a] [vi]), that right "is not absolute, and a party seeking the appointment of substitute counsel must establish that good cause for release existed necessitating dismissal of assigned counsel" (Matter of Anthony J.A. [Jason A.A.], 180 AD3d 1376, 1378 [4th Dept 2020], lv denied 35 NY3d 902 [2020] [internal quotation marks omitted]; see Matter of Destiny V. [Mark V.], 107 AD3d 1468, 1469 [4th Dept 2013]). Here, the father failed to establish good cause (see Matter of Wiley v Musabyemariya, 118 AD3d 898, 900-901 [2d Dept 2014], lv denied 24 NY3d 907 [2014]). We have reviewed the father's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court