Matter of Maria R. (Daniel R.) (2023 NY Slip Op 01453)

Matter of Maria R. (Daniel R.)

2023 NY Slip Op 01453

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1050 CAF 21-01417

[*1]IN THE MATTER OF MARIA R. HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DANIEL R., RESPONDENT-APPELLANT.

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
MICHELLE K. FASSETT, HERKIMER, FOR PETITIONER-RESPONDENT.
KACIE M. CROUSE, UTICA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Herkimer County (Thaddeus J. Luke, J.), entered September 28, 2021 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law
§ 384-b, respondent father appeals from an order that, inter alia, terminated his parental rights with respect to the subject child on the ground of abandonment. We affirm.
Contrary to the father's contention, a "parent who has been prohibited from direct contact with the child, in the child's best interest[s], continues to have an obligation to maintain contact with the person having legal custody of the child" (Matter of Lucas B., 60 AD3d 1352, 1352 [4th Dept 2009] [internal quotation marks omitted]; see generally Matter of Miranda J. [Jeromy J.], 118 AD3d 1469, 1470 [4th Dept 2014]). Here, petitioner has legal custody of the child, and there is no evidence that the father made any effort to maintain contact with petitioner. We conclude that petitioner established by the requisite clear and convincing evidence that the father abandoned the subject child (see Matter of Anthony J.A. [Jason A.A.], 180 AD3d 1376, 1377 [4th Dept 2020], lv denied 35 NY3d 902 [2020]). Finally, we have reviewed the father's remaining contentions and conclude that they are without merit.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court