Matter of Bracken v Bracken (2024 NY Slip Op 01468)

Matter of Bracken v Bracken

2024 NY Slip Op 01468

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

1059 CAF 22-00305

[*1]IN THE MATTER OF SOUAD BRACKEN, PETITIONER-RESPONDENT-APPELLANT,
v
ERIC K. BRACKEN, RESPONDENT-PETITIONER-RESPONDENT. 

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT. 
SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT. 
ANDREW G. MORABITO, EAST ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Monroe County (Fatimat O. Reid, J.), entered January 25, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded sole custody of the subject child to respondent-petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, inter alia, modified a prior custody order by awarding respondent-petitioner father sole custody of the subject child. We affirm.
Contrary to the mother's contention, Family Court did not err in refusing to appoint new counsel for her after she released her assigned counsel after two days of the fact-finding hearing, which was held on three days over the course of four months. It is well settled that "[a]n indigent party's right to court-appointed counsel under the Family Court Act is not absolute" (Matter of Petkovsek v Snyder, 251 AD2d 1086, 1086 [4th Dept 1998]; see Matter of Anthony J.A. [Jason A.A.], 180 AD3d 1376, 1378 [4th Dept 2020], lv denied 35 NY3d 902 [2020]). "In order to have substitute counsel appointed, a party must establish that good cause for release existed necessitating dismissal of assigned counsel" (Matter of Mooney v Mooney, 243 AD2d 840, 841 [3d Dept 1997]; see Matter of Destiny V. [Mark V.], 107 AD3d 1468, 1469 [4th Dept 2013]). Here, the mother did not demonstrate that good cause existed for substitution of assigned counsel (see Matter of Carter H. [Seth H.], 191 AD3d 1359, 1360-1361 [4th Dept 2021]; Anthony J.A., 180 AD3d at 1378; Matter of Biskupski v McClellan, 278 AD2d 912, 912 [4th Dept 2000]). Rather, the record shows that there was just a disagreement between the mother and her counsel over trial strategy and the mother's filing of pro se violation petitions (see generally People v Linares, 2 NY3d 507, 511 [2004]). Contrary to the mother's further contention, the court advised her of the dangers of self-representation and conducted a searching inquiry to ensure that the mother's waiver of the right to counsel was knowing, intelligent, and voluntary (see Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1082-1083 [4th Dept 2019]; Matter of Anthony K., 11 AD3d 748, 749-750 [3d Dept 2004]).
We reject the mother's contention that the court abused its discretion in denying her request for an adjournment on the third day of the fact-finding hearing (see Petkovsek, 251 AD2d at 1086; see generally Matter of Steven B., 6 NY3d 888, 889 [2006]). The mother's request "resulted from her lack of due diligence in preparing for the hearing" (Steven B., 6 NY3d at 889; [*2]see Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1692-1693 [4th Dept 2016], lv denied 28 NY3d 914 [2017]; Matter of Sophia M.G.-K. [Tracy G.-K.], 84 AD3d 1746, 1747 [4th Dept 2011]).
The contention of the Attorney for the Child (AFC) that the court improperly exercised its discretion in granting the father sole custody is not properly before us inasmuch as the AFC did not file a notice of appeal (see Matter of Wojciulewicz v McCauley, 166 AD3d 1489, 1492 [4th Dept 2018], lv denied 32 NY3d 918 [2019]; Matter of Noble v Gigon, 165 AD3d 1640, 1641 [4th Dept 2018], lv denied 33 NY3d 902 [2019]; Matter of Carroll v Chugg, 141 AD3d 1106, 1106 [4th Dept 2016]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court